[Department One.—August 28, 1883.]

PEOPLE'S SAVINGS BANK ET AL., APPELLANTS, v. WADSWORTH HODGDON, RESPONDENT.

ESTOPPEL—EJECTMENT—JUDGMENT—NEW TRIAL.—A judgment in ejectment will not estop the losing party from relying upon a title subsequently acquired, or one not in issue in the action.

TITLE—RELATION—MORTGAGE—FORECLOSURE.—A title acquired by deed made pursuant to a sale under a decree of foreclosure of a mortgage commences by relation at the date of the mortgage.

APPEAL from a judgment of the Superior Court of the county of Sacramento, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*A. C. Freeman,* and *Geo. E. Bates,* for Appellants.

The title derived through the foreclosure of the mortgage dated back to 1858, and cut out any subsequent conveyance. (*Bank of Mo.* v. *Wells,* 12 Mo. 361; *Shirk* v. *Wilson,* 13 Ind. 129; *Cockey* v. *Milne,* 16 Md. 200; *Lackey* v. *Seibert,* 23 Mo. 85; *Reichert* v. *McClure,* 23 Ill. 516; *McClure* v. *Engelhardt,* 17 Ill. 47; *M'Cormick* v. *McMurtrie,* 4 Watts, 192; *Kane* v. *Mackin,* 9 Smedes & M. 387; *Kingman* v. *Glover,* 3 Rich. 27; *Miles* v. *Wilson,* 3 Har. (Del.) 383; *Robinson* v. *Robinson,* 3 Har. (Del.) 391; *Million* v. *Riley,* 1 Dana, 359; *Hutchings* v. *Ebeler,* 46 Cal. 557; *Heywood* v. *Hildreth,* 9 Mass. 393; *Brown* v. *Maine Bank,* 11 Mass. 153; *Boyd* v. *Longworth,* 11 Ohio, 235; *Richardson* v. *Thornton,* 7 Jones (N. C.) 458; *Crowley* v. *Wallace,* 12 Mo. 143; *Winston* v. *Affalter,* 49 Mo. 263; *Wallace* v. *Lawrence,* 1 Wash. C. C. 503; *Sands* v. *Pfeiffer,* 10 Cal. 258; *Osterberg* v. *Union Trust Co.* 93 U. S. 423; *Bell* v. *Hall,* 4 G. Greene, 68.)

The title acquired by Jane Griffin in 1870 was not in issue in the action of ejectment, and she is not estopped by the judgment. (*Hardy* v. *Johnson,* 1 Wall. 371; *Foscalina* v. *Doyle,* 47 Cal. 438; *Smith* v. *Sherwood,* 4 Conn. 276; S. C. 10 Am. Dec. 145; *Sintzenick* v. *Lucas,* 1 Esp. 43; Code Civ. Proc. §§ 1908, 1911; *Valentine* v. *Mahoney,* 37 Cal. 396; *Barrett* v. *Birge,* 50 Cal. 659.)

*M. L. G. O'Brien, Matt. F. Johnson,* and *T. G. Hodgdon,* for Respondent.

In the action *Hodgdon* v. *Griffin* the title to the land was necessarily involved, and was determined by the judgment. She then claimed under title derived from Gass, and that is the same title upon which she relies now. She is estopped by the judgment in that case. (*McMillan* v. *Richards,* 9 Cal. 365; *Goodenow* v. *Ewer,* 16 Cal. 467; Rorer on Judicial Sales, § 367; *Marshall* v. *Shafter,* 32 Cal. 189; *Barnum* v. *Reynolds,* 38 Cal. 645; *Sherman* v. *Dilley,* 3 Nev. 22; *Caperton* v. *Schmidt,* 26 Cal. 514; *Marshall* v. *Shafter,* 32 Cal. 176; *Baker* v.

*Rand*, 13 Barb. 152; Freeman on Judgments, § 272; Code Civ. Proc. § 1908.)

Ross, J.—Action to quiet title. It is conceded on both sides that one Gass was the owner in fee of the property in controversy on the 29th day of June, 1855. Being such owner he, on the 17th day of December, 1858, mortgaged the property to Morse and English, trustees, etc. April 21, 1863, a complaint was filed for the foreclosure of the mortgage, and the proceedings were regularly conducted to judgment, under which the property was duly sold by the sheriff on the 6th of July, 1863, to Morse and English, who received a certificate of purchase, which, in the year 1869, they assigned to Laidley, Hickox, and Dale.

After the execution of the mortgage to Morse and English, and on the 22d of November, 1860, Gass conveyed the property by deed to Jane Griffin, who thereupon entered into its possession. In the year 1868 the present defendant Hodgdon commenced an action of ejectment against Jane Griffin and other persons to recover the possession of a block of land, including the land here in question. In that action Jane Griffin, on the 13th of July, 1869, answered, denying that Hodgdon had any right or title to this land, and alleging herself to be the owner in fee thereof. This answer was filed prior to the execution of the sheriff's deed to Laidley, Hickox, and Dale pursuant to the sale made under the decree of foreclosure of the Gass mortgage. The sheriff's deed was, however, executed subsequently in the same year, that is to say, in the year 1869. In 1870 Laidley, Hickox, and Dale executed to Jane Griffin a deed conveying the said property to her. In 1872 the ejectment suit of *Hodgdon* v. *Griffin et al.* was regularly tried upon its merits, and judgment was rendered therein in favor of Hodgdon and against the said Griffin and others for the recovery of the land involved therein, including that here in controversy, under which judgment Jane Griffin was dispossessed and Hodgdon placed in possession.

The single question in the present case is, whether Jane Griffin and her co-plaintiff, who claims under her, are concluded by the judgment rendered against her in the ejectment suit.

LXIV. CAL.—7.

When Hodgdon commenced his action of ejectment, and when Jane Griffin filed her answer therein, the legal title to the property in controversy was in Jane Griffin, because of the deed executed to her by Gass. The title was, however, subject to be divested by the culminating step in the foreclosure proceedings, to wit, by the execution of the sheriff's deed. The title was so divested in the year 1869. When Laidley, Hickox, and Dale received the deed from the sheriff they took the title as of December 17, 1858, the date of the mortgage by virtue of which the foreclosure proceedings were had. (*McMillan* v. *Richards*, 9 Cal. 412.) They thus became vested with the legal title to the property as of a date anterior to the deed from Gass to Jane Griffin and anterior to the ejectment suit of Hodgdon; and not being parties to that suit, they were of course unaffected by it. They could, therefore, undoubtedly have asserted their title against both Hodgdon and Jane Griffin. In 1870 they conveyed their title to Jane Griffin. It is true that that conveyance was made intermediate the filing of her answer in the ejectment suit and the trial of the action, but the title she got by the conveyance was not the same title she had when the suit was commenced and when her answer was filed; for the title she had at those dates was subject to the mortgage, and therefore subject to be, as it was, divested by the execution of the sheriff's deed in pursuance of the sale made by virtue of the decree of foreclosure; the title she got by the deed from Laidley, Hickox, and Dale conveyed to her the absolute fee of the property as of date December 17, 1858, unaffected by any subsequent conveyance or action. This title Jane Griffin did not hold at the time she joined issue in the action brought against her by Hodgdon, but it was acquired by her intermediate that time and the entry of judgment in that case, and was not set up by supplemental answer. It was therefore not involved in that action, and was therefore unaffected by the judgment therein rendered. (*Valentine* v. *Mahoney*, 37 Cal. 396; *Thompson* v. *McKay*, 41 Cal. 221; *Bagley* v. *Ward*, 37 Cal. 121.)

Judgment and order reversed and cause remanded for a new trial.

McKINSTRY, J., and McKEE, J., concurred.