[Civ. No. 6843. First Appellate District, Division Two.—October 9, 1929.]

MARY A. CONNELL, Appellant, v. JENNIE C. LEWIS CRAWFORD, Respondent.

Lovett K. Fraser for Appellant.

Charles H. Sooy for Respondent.

NOURSE, J.—Plaintiff, a judgment creditor of the defendant, had levied execution upon real property of the defendant upon which defendant had filed a homestead.

Plaintiff then instituted this proceeding under sections 1245 to 1261 of the Civil Code for the appointment of appraisers to appraise the homestead property. The trial court denied plaintiff's petition and she has appealed from the order on a bill of exceptions.

Upon the hearing it was stipulated that all the allegations of the petition were true with the exception of the value of the property which, it was agreed, was $4,500. The controversy submitted to the trial court was whether defendant was the head of a family under subdivision 2 of section 1261 of the Civil Code, and, as such, entitled to a homestead exemption of $5,000, or whether, being a single woman, she was entitled to an exemption of but $1,000.

Section 1261 of the Civil Code reads in part: ''The phrase 'head of the family,' as used in this title, includes within its meaning: . . . 2. Every person who has residing on the premises with him or her, and under his or her care and maintenance, either: . . . (e) An unmarried sister, or any other of the relatives mentioned in this section, (brother) who have attained the age of majority, and are unable to take care of or support themselves.''

 The facts are that defendant had residing on the premises with her and under her care and maintenance an unmarried brother of the age of sixty-eight years. The only question in dispute was whether this brother was unable to take care of or support himself. Two witnesses were called—the defendant and her brother. The defendant testified that her brother was not sick or feeble, that he worked as an interior decorator whenever he had a chance and earned approximately twenty dollars a week. The brother testified that he worked only at odd jobs, was unable to join a union because of his age and state of health; that he was troubled with rheumatism and could not work upon a ladder because he would faint; that he could not do a whole day's continuous work, but that when he did work he earned sometimes four and sometimes five dollars a day; that the preceding year was ''a very good year for me'' having earned gross between $250 and $260, but that in the year before that he did not earn more than $60. He also testified that what money he earned he gave to his sister, but that he did not earn enough year by year to pay for his clothing and board; that his sister gave him his room,

prepared and gave him his meals, and did his laundry all without charge; that he was unable, because of his advanced age and enfeebled condition, to earn enough to support himself.

Upon this evidence the trial court made the implied finding that the brother was dependent upon the defendant within the meaning of the section cited. Though there is some conflict there is evidence to support that finding and that ends the controversy.

Order affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 8, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1929.

All the Justices concurred.