[S. F. No. 14785. In Bank.—April 3, 1934.]

ROMUALDO LUCCI et al., Respondents, v. UNITED CREDIT AND COLLECTION CO. (a Corporation), Appellant.

(Mrs.) E. B. Cassidy for Appellant.

A. Don Duncan for Respondents.

THOMPSON, J.—The defendant United Credit and Collection Company has appealed from a judgment quieting the title of the plaintiffs Romualdo and Caterina Lucci to the premises in dispute free and clear of all encumbrances, except a mortgage held by the San Francisco Bank as security for the payment of a note in the sum of $2,500; decreeing

that the defendant has no right, title, interest, claim or lien of any nature in or to the premises, and further, that the execution, the sheriff's sale based thereon and the sheriff's certificate of sale made to the United Credit and Collection Company are invalid and void and that the declaration of homestead made by the plaintiffs was valid, that all the statements made therein were true and that the declarants had fully complied with the requirements of the homestead law; and enjoining the defendant from asserting any claim, lien or interest in or to the premises.

This action was commenced October 16, 1931, by Romualdo and Caterina Lucci to quiet title to a lot on Grove Street in San Francisco and to remove a cloud from their title consisting of execution proceedings and a sheriff's sale to the United Credit and Collection Company. On December 2, 1927, the United Credit and Collection Company brought an action against the respondents on a claim for goods sold to Lucci and an attachment was levied upon the property in dispute, which was then held in joint tenancy by Romualdo Lucci, Caterina, his wife, and Frank and Carmelina Oliva, his daughter and son-in-law. On December 14, 1927, the Olivas made a deed conveying to Romualdo and Caterina Lucci "all that certain lot, piece or parcel of land", particularly describing it. On the same day Romualdo and Caterina Lucci executed a declaration of homestead, in which they stated that the property was community. Both instruments were recorded on the following day, the deed from the Olivas at 9:34 A. M., and the declaration of homestead at 9:45 A. M. Mr. and Mrs. Lucci defaulted in the action by the United Credit and Collection Company and, on January 24, 1928, judgment was entered against them for $467.22, execution being levied on January 26, 1928. The sheriff's sale was held March 6, 1928, the United Credit and Collection Company purchasing for the sum of $511, and the sheriff's return being recorded April 27, 1928. The sheriff's deed was made on March 8, 1929, and recorded March 14, 1929. It was stipulated at the trial that these various proceedings were taken as required by law and were valid in form.

Appellant's brief is voluminous and urges a great many grounds for reversal, in so many of which there is so little merit that the appeal borders upon the frivolous. It is

unnecessary to burden this opinion with a discussion of all of the points which it has attempted to make.

■ Complaint is made of the action of the trial court in refusing to allow to the defendant, upon the expiration of the original ten-day extension of time, an additional twenty days within which to plead to the complaint. Appellant insists that it was not allowed a reasonable time in which to prepare its defense and make a satisfactory investigation and that, on that account, important evidence was not discovered and important witnesses were not located until after trial, and that this action of the trial court prevented defendant from having a fair trial and amounts to such irregularity of procedure as to constitute an abuse of discretion and also was such accident and surprise as could not have been guarded against by the use of due diligence for the reason that the defendant was entitled to believe that additional time would be granted upon a proper showing. Sections 473 and 1054 of the Code of Civil Procedure are cited in support of this contention. These sections provide that an extension "may" be allowed by the trial court "in furtherance of justice" and "upon good cause shown". Obviously, the further extension of time to plead to the complaint rested in the sound discretion of the trial court. Not only has no abuse of discretion been shown but it would appear that, under the circumstances of this case, the trial court acted correctly in denying further time. The record shows that the holder of the mortgage was threatening foreclosure unless the title could be cleared and that the statute of limitations on the mortgage expired about a month from the trial date. Plaintiffs' interest in the property was being jeopardized by the delay. The date of trial, November 13, 1931, was stipulated to by the parties, although appellant seeks to avoid the effect of this stipulation by saying that it was entered into because of the remarks of the court and the threats of counsel for the plaintiffs that the bank would foreclose and no one would get anything. The record also shows that during the trial counsel for defendant agreed that the plaintiff was "quite justified in bringing it on at an early date".

■ The contention is made that Romualdo and Caterina Lucci had not such an interest in the premises as would entitle them to declare a homestead thereon for the reason

that they held in joint tenancy with the Olivas. However, the record shows that the Olivas had conveyed their interest to the Luccis prior to the declaration of homestead. Whether the Luccis thereafter held as joint tenants or tenants in common is immaterial. (*Swan* v. *Walden*, 156 Cal. 195 [103 Pac. 931, 134 Am. St. Rep. 118, 20 Ann. Cas. 194].)

The argument that the lien of the attachment is not defeated by the declaration of homestead prior to judgment is answered to the contrary by *Jacobson* v. *Pope & Talbot*, 214 Cal. 758 [7 Pac. (2d) 1017].

It is also claimed that the deed from Frank and Carmelina Oliva to Romualdo and Caterina Lucci, having been made for the sole purpose of enabling the latter to declare a homestead on the property, is void as against the attaching creditors. It has been held by this court that the principles of fraudulent conveyances do not apply to declarations of homestead. (*Gray* v. *Brunold*, 140 Cal. 615, 621 [74 Pac. 303].) It is said in *Schmidt* v. *Denning*, 117 Cal. App. 36, 39 [3 Pac. (2d) 322]: "The fact that the defendants filed a declaration of homestead to hinder and delay their creditors is not actionable. That result is to be expected from the very existence of a statute allowing the creation of homesteads. (*Fitzell* v. *Leaky*, 72 Cal. 477, 483 [14 Pac. 198].)" And, in *Marelli* v. *Keating*, 208 Cal. 528 [282 Pac. 793], this court said: "The object of the homestead law is to protect the homesteader and those dependent upon him or her in the enjoyment of a domicile not exceeding $5,000, and to this end a liberal construction of the law and facts will be indulged by the courts. When this object has been accomplished courts will not suffer this salutary statute to be used as a shield behind which those who would deal unjustly with creditors may find refuge." Since the law protects and recognizes as legitimate the purpose of Lucci in making his declaration of homestead it is difficult to see how the action of the Olivas, who merely assisted in that purpose and who owed no duty to the United Credit and Collection Company, can be characterized as fraudulent. The case does not go beyond the object of the homestead law as stated above. Any excess value over $5,000 could have been reached under the procedure authorized by sections 1245 and 1259 of the Civil Code, but concededly no such proceedings were taken by the judgment creditor.

The question of laches and estoppel we will dismiss as not having been pleaded. ▮ But it is asserted that the plaintiffs are not entitled to the equitable relief of a judgment quieting their title and removing the cloud of the execution sale without first doing equity by paying the amount of the appellant's judgment. It is held to the contrary in *Price* v. *Central Sav. Bank*, 62 Cal. App. 583 [217 Pac. 800], and *Graham* v. *Hunt*, 119 Cal. App. 586 [7 Pac. (2d) 186]. We are of the opinion that this is the proper rule to follow. A homestead exemption is allowed by law. Consistency demands that it be protected or the purpose of "this salutary statute" is not accomplished.

▮ On motion for new trial made on the ground, among others, of newly discovered evidence, appellant filed affidavits of its counsel and Alec C. Stoddard, who with his wife held the property under a trust deed executed by Romualdo and Caterina Lucci and Frank and Carmelina Oliva to secure the payment of the balance of the purchase price to their grantors. By these affidavits the appellant sought to show that a "duplex" dwelling-house and a single dwelling-house separated by a yard and having three separate street numbers were located upon the homesteaded premises and that the declarants lived only in one portion of the "duplex" despite the fact that the declaration stated that they lived on the premises described, with all improvements thereon; the "improvements numbered 718 Grove Street", and that the premises "together with the dwelling house thereon" were selected and claimed as a homestead. It was also sought to be shown by the affidavit of Stoddard that the transfer of the interest of the Olivas was merely colorable and that as a matter of fact there was no actual change of ownership. It is alleged in the affidavit of appellant's counsel that it was necessary to search the record and locate witnesses, but no facts are stated showing that reasonable diligence was used in endeavoring to discover the evidence prior to the trial, nor is any satisfactory explanation given why it was not possible to discover that the improvements upon the property consisted of a "duplex" and a single dwelling and that the declarants occupied only a portion of the "duplex". In fact, it is attempted to place upon the trial court, because of its refusal to make additional extensions of time, the entire

responsibility for the failure of appellant to present these facts at the time of trial.

The action of the trial court in denying a new trial will be sustained except where an abuse of discretion is shown (*Maxwell Hardware Co.* v. *Foster*, 207 Cal. 167 [277 Pac. 327]; *Parker* v. *Southern Pac. Co.*, 204 Cal. 609 [269 Pac. 622]; *Fresno Estate Co.* v. *Fiske*, 172 Cal. 583 [157 Pac. 1127]), and no abuse of discretion has been made to appear.

The evidence offered on the trial sustains the findings and the judgment. ▇▇▇ The affidavits used in the trial court only upon a motion for a new trial cannot be considered on appeal in determining the sufficiency of the evidence to support the findings. (*Gallatin* v. *Corning Irr. Co.*, 163 Cal. 405, 422 [126 Pac. 864, Ann. Cas. 1914A, 74].) The judgment is affirmed.

Shenk, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.