[L. A. No. 14807. In Bank.—August 14, 1936.]

GRACE G. YAGER, Appellant, v. WILLIAM W. YAGER et al., Respondents.

Jesse George and George H. Stone for Appellant.

Claude Shell and W. H. Wiley for Respondents.

SEAWELL, J.—Plaintiff Grace G. Yager, also known as Grace Perego, brought this action to quiet title to four parcels of real property in San Diego County. Her former husband, William W. Yager, and his present wife, Idress Yager, are defendants in said action. Plaintiff purchased said real property upon execution sale for money due her for the support of herself and minor child by the terms of the decree granting her a divorce from defendant William W. Yager. The court below quieted plaintiff's title as to three of the parcels involved. But as to the fourth parcel, which was the subject of a declaration of homestead recorded by defendant Idress Yager, the court sustained the claim of defendants that it was exempt from execution sale, and plaintiff acquired no rights therein by virtue of her purchase at such sale. Plaintiff appeals from the judgment against her as to said parcel.

The appeal is taken on the judgment roll. It appears therefrom that plaintiff obtained a final decree of divorce on April 6, 1915, in the Superior Court of the City and County of San Francisco. Custody of the minor son of the marriage was awarded to plaintiff, and defendant William Yager was ordered to pay $75 a month for the support of plaintiff and said son. In November, 1917, Yager married his present wife, the defendant Idress Yager. It does not appear from the findings whether there are any children of this marriage. In September, 1930, plaintiff caused execution to be issued out of the Superior Court of San Francisco for the sum of $14,500 due and unpaid to her on account of the allowance for support. Under this execution the sheriff of San Diego County levied on the interest of William Yager in the several parcels of real property which are the subject of this action. Said property stood of record in the name of the defendant Idress Yager, as her separate property.

After levy of execution, but before sale, Idress Yager brought suit to restrain the execution sale, alleging that

the property was her separate estate, and not subject to execution for the debt of her husband. She obtained a temporary injunction pending suit. Grace Yager, defendant in said suit, filed an answer and also a cross-complaint naming Idress Yager and William Yager as cross-defendants, wherein she alleged that the property was separate property of her former husband. The court found in said suit that the several parcels were community property of Idress Yager and her husband, and as such were subject to execution sale for alimony owing to Grace Yager. Accordingly the court dissolved the temporary injunction. The execution sale was had, and plaintiff Grace Yager purchased the four parcels for $7,500 on July 10, 1931, at said sale.

On May 18, 1931, after trial and submission of the injunction suit, but before findings had been made or judgment rendered therein, Idress Yager executed a declaration of homestead on the parcel which is the subject of this appeal, and said declaration was duly recorded. It is by virtue of this declaration of homestead that defendants William Yager and Idress Yager contended, and the trial court found, in the action subsequently brought by Grace Yager to quiet title that Grace Yager did not acquire title to said parcel by purchase at the execution sale. As to the other three parcels the trial court quieted title in plaintiff Grace Yager.

Section 1241 of the Civil Code, provides several instances in which the homestead is subject to execution sale. The plaintiff's judgment does not fall within any subdivision of said section. Subdivision 1 provides that the homestead is subject to execution in satisfaction of judgments obtained before the declaration of homestead was filed for record, and which constitute liens upon the premises. Although the judgment for support was rendered many years before the homestead was declared, it did not constitute a lien on any real property of William Yager in San Diego County. A judgment becomes a lien upon property of the judgment debtor in another county from the filing of an abstract of the judgment in such other county. (Sec. 674, Code Civ. Proc.) In the instant case an abstract of the judgment of the San Francisco court was never recorded in San Diego County. Also, a judgment for periodic instal-

ments for an indefinite time is not a lien on property of the judgment debtor unless the judgment provides for a lien. (*Bird* v. *Murphy,* 82 Cal. App. 691 [256 Pac. 258]; see note, 79 A. L. R. 252.)

A declaration of homestead may be filed during the pendency of litigation, at any time before the judgment has become a lien upon the property. It may be filed subsequent to the rendition of the judgment. (*Beaton* v. *Reid,* 111 Cal. 484 [44 Pac. 167]; *Simonson* v. *Burr,* 121 Cal. 582 [54 Pac. 87]; *Eby* v. *Foster,* 61 Cal. 282.) It will defeat an existing attachment lien. (*Lucci* v. *United Credit & Collection Co.,* 220 Cal. 492 [31 Pac. (2d) 369]; *Jacobson* v. *Pope & Talbot,* 214 Cal. 758 [7 Pac. (2d) 1017].) It may be filed after levy of execution, and provided there is not a valid and subsisting judgment lien on the property, it is not subject to execution sale except upon proceedings had under sections 1245–1259 of the Civil Code, for reaching the excess in value above the homestead exemption of $5,000. (*Beaton* v. *Reid, supra.*) The very purpose of the homestead law is to protect the property from existing debts. (*Gray* v. *Brunold,* 140 Cal. 615, 621 [74 Pac. 303].) The doctrine bearing on conveyances to delay and defraud creditors has no application to the creation of a homestead. (*Lucci* v. *United Credit & Collection Co., supra; Simonson* v. *Burr, supra;* 13 Cal. Jur. 477.)

The judgment in the injunction suit is not *res judicata* as to the rights which defendants have by virtue of the homestead declaration filed subsequent to trial of the injunction suit, but prior to judgment therein. In said action it was held that the property, as community property of William Yager and his second wife, was subject to execution for the amount owing under the judgment against William Yager, and on this ground the injunction against sale was dissolved. It is a general rule that a party cannot put in issue rights acquired *pendente lite* unless a supplemental pleading is filed, and if such a pleading is not filed he is not foreclosed from asserting such rights in a subsequent action. (*Brown* v. *Brown,* 170 Cal. 1 [147 Pac. 1168]; *Metropolis etc. Sav. Bank* v. *Barnet,* 165 Cal. 449 [132 Pac. 833]; *People* v. *Holladay,* 68 Cal. 439 [9 Pac. 655]; *People's Sav. Bank* v. *Hodgdon,* 64 Cal. 95 [27 Pac.

938]; 2 Freeman on Judgments, 5th ed., p. 1510; 15 Cal. Jur. 165.)

It would seem that defendants Idress Yager and William Yager might have urged as to the instalments of alimony that accrued more than five years before the execution was levied (or at least such proportion of said instalments as represented allowance for support of Grace Yager, rather than her minor son) that execution therefor could not be had without leave of court. (Secs. 681, 685, Code Civ. Proc.; *De Uprey* v. *De Uprey*, 23 Cal. 352; 1 R. C. L. 954.) But the judgment roll does not indicate that this defense was raised, and hence it must be deemed to have been waived.

This brings us to the most serious question involved on this appeal—is the homestead of the debtor and his second wife declared on their community property subject to execution sale (except as it exceeds in value $5,000) upon a judgment for alimony or support of a former wife and child? We are of the view that such an exception from freedom from forced sale should not be read into section 1241 of the Civil Code, in the absence of an express provision therefor. The law permits the second marriage, which is in every respect a legal and valid marriage. The husband owes to his second wife, as he did to his first wife, the obligation of respect, fidelity and support. (Sec. 155, Civ. Code.) The several parcels of real property which were the subject of this action were acquired in 1928 and 1929. Said property was purchased with funds which were the proceeds of a business in which William Yager and Idress Yager embarked soon after their marriage. The court found that although the original investment in the business was made with funds which were "substantially the separate property of defendant William W. Yager", by reason of the intermingling of separate funds and joint efforts the identity of the separate funds had been lost, and the resulting property was community property of William Yager and Idress Yager. (3 Cal. Jur. Ten-year Supp., p. 524, citing cases.) A finding that the several parcels of real property were community property of William Yager and Idress Yager was also made in the injunction suit, which rendered the issue *res judicata* in the action herein.

The second wife is entitled to protection in the homestead of herself and her husband declared on their community property, and she cannot be turned out on an execution for unpaid alimony due the husband's first wife for support of herself and a minor child. There may be children of a second marriage, in which event the homestead of the second marriage provides an abode for such children. The homestead is not only for the benefit of the judgment debtor, but to protect each and every member of his family. (*Moore* v. *Hoffman*, 125 Cal. 90 [57 Pac. 769, 73 Am. St. Rep. 27].) The right to select a homestead has always been jealously guarded by the laws of this country and the law liberally construed to the end that its purpose, the protection of the family, may be accomplished. Wherever there is a legal marriage the spouse is entitled to enjoy the right of homestead. In the instant case the first marriage was dissolved in the manner provided by law, and the husband was free to contract a second marriage. The homestead law gives the same right to the spouse of the second marriage that it gives to all others contracting marriage. The application of the law is general, and it inures equally to the benefit of all persons occupying the marriage status who have complied with its provisions.

We are mindful that a husband's obligation to contribute to the support of his first wife and their child in accordance with the terms of the divorce decree is a solemn one, and that failure to perform this duty constitutes contempt and is a criminal offense. The law has provided special remedies to enforce this obligation. The dictates of good conscience do not require that, in addition, we interpolate into section 1241 of the Civil Code, a further exception that the homestead declared on community property of the second marriage should be subject to seizure for alimony due the first wife. The plaintiff herein has in fact obtained other community real property of the second marriage by purchase at execution sale. If a homestead exceeds in value $5,000 the excess may be reached by proceedings under sections 1245–1259 of the Civil Code. The question whether a homestead declared on separate property of the husband is subject to execution sale for unpaid alimony is not before us in this case.

The decisions in other jurisdictions are in conflict on the question whether the homestead may be seized for unpaid

alimony. (See note, 11 A. L. R. 123, 125, citing cases both ways.) In those jurisdictions where the right of the first wife to cause a forced sale of the homestead is sustained, it is said that the first wife and her children have ceased to be members of the husband's household through his fault, and that he should not be enabled through a second marriage to acquire rights in property which may be asserted in derogation of his first wife's claim for support. We think the weight of reason supports the rule which sustains the exemption of the homestead of the second marriage, at least where it is declared on community property of the second marriage. *Ex parte Silvia,* 123 Cal. 293 [55 Pac. 988, 69 Am. St. Rep. 58], lends support to our conclusion.

In the recent case of *Bruton* v. *Tearle,* 7 Cal. (2d) 48 [59 Pac. (2d) 953], we affirmed an order which, upon the application of the administrator of the estate of the first wife, appointed a receiver to collect the husband's salary as payments thereof should become due and to apply such collections to delinquent alimony. In that case the husband contended that his earnings were exempt from execution, and hence it was not proper to appoint a receiver to collect said earnings and apply them to the claim for alimony. We stated in our opinion that the judgment debtor's earnings are not exempt from execution for alimony. Section 690.11 (formerly subd. 10, sec. 690) of the Code of Civil Procedure, provides that earnings of the judgment debtor for his personal services rendered at any time within thirty days next preceding the levy of execution are exempt when it appears that such earnings are necessary for the support of his family. In a large number of cases the judgment debtor will have little property except his earnings. Such earnings are exempt only to the extent that they are ''necessary for the use of his family''. Within the meaning of this provision it may be said that the divorced wife and minor child of the first marriage, for whose support the husband has been ordered to pay a fixed sum, are in a sense members of his family entitled to participate with his second family in his earnings, and that the husband should not be permitted to urge the execution exemption against them. Our decision in *Bruton* v. *Tearle, supra,* expressly recognizes that in providing for the collection of

the husband's future earnings by a receiver and their application to the delinquent alimony, the court would have power to direct the receiver to pay to the husband an amount necessary for his personal support. In such supplementary proceedings in the divorce action the court should have power to make an equitable division of the husband's earnings between his first wife and the children of that marriage, if any, on the one hand, and himself and his second wife and family on the other. But it does not follow because the first wife may reach the husband's earnings, that the second wife may be turned out of a homestead declared on community property of the second marriage by forced sale for alimony due the first wife. The homestead is entitled to protection against such claim.

The judgment is affirmed.

Shenk, J., Curtis, J., and Langdon, J., concurred.