[Civ. No. 16087.   Second Dist., Div. Three.   July 19, 1948.]

B. W. BURKHEAD, Respondent, v. ARTHUR E. BRIGGS, as Administrator, etc., Appellant.

Charles E. McGinnis and Arthur E. Briggs for Appellant.

B. W. Burkhead, in pro. per., and Hanna & Morton for Respondent.

McCOMB, J. Assigned.—From a judgment in favor of plaintiff, after trial before the court without a jury, in an action to quiet title to a parcel of real property, defendant appeals.

### CHRONOLOGY

(1) In 1927, Cornelius Kallmeyer was the owner of a tract of land containing 10 acres designated as Lots A, B, C, and D. This property was subject to an indebtedness of $5,000, represented by Mr. Kallmeyer's promissory note payable to Mr. Hunt on April 1, 1931, which note was secured by a trust deed on the foregoing property. This note in due course became the property of the Warren estate.

(2) On June 3, 1927, Mr. Kallmeyer agreed to sell 5 acres, being Lots B, C and D, to Mr. Watson for $10,000. The consideration for the contract was the payment of $5,000 in cash and an agreement by Mr. Watson to pay the above note secured by a trust deed.

(3) On February 4, 1928, Mr. Watson contracted to sell 2 of his 5 acres, the easterly one-half of Lot B and all of

Lots C and D to Mr. and Mrs. Leffler for $6,500, of which sum, $1,500 was paid in cash and it was agreed that the balance was to be paid February 3, 1941. The Lefflers did not pay the balance to Mr. Watson and he did not pay the note secured by the trust deed mentioned in paragraph 1, *supra.*

(4) On August 12, 1933, after foreclosing on the note mentioned above, the Warren estate purchased the entire tract at a trustee's sale.

(5) In January of 1934, Mr. Alvin H. Poore purchased the 10-acre tract from the Warren estate for $6,500, paying $1,000 in cash; the balance being represented by a note and trust deed executed by Mr. Poore covering the 10-acre tract.

(6) On February 17, 1937, Mr. John T. Watson commenced action No. 412182 against Mr. and Mrs. Poore to establish a resulting trust in his favor in the 10 acres.

(7) On September 3, 1937, Mr. Watson mortgaged the 10 acres to Mr. Burkhead (plaintiff in the present action) by an instrument in the form of a grant deed as security for attorney's fees.

(8) The trial of *Watson* v. *Poore* resulted in a decree being entered that Mr. Poore held title to the 10 acres in trust for Mr. Watson. (*Watson* v. *Poore,* 18 Cal.2d 302 [115 P.2d 478].)

(9) On August 4, 1937, Mr. Kallmeyer filed action No. 418815 charging a conspiracy between Mr. Poore and Mr. Watson to defraud him of his interest in the aforementioned property, and had a receiver appointed to take possession of 8 of the 10 acres.

(10) The trial of *Kallmeyer* v. *Poore,* No. 418815, resulted in a judgment (a) quieting title in Lot A in Mr. Kallmeyer, (b) decreeing with regard to the westerly one-half of Lot B (the property involved in the action now before the court), that if within 40 days from the date the judgment became final (the judgment became final on July 20, 1942, and the 40th day thereafter fell on August 29, 1942), Mr. Watson, his successors or assigns, or any other person should record, or cause to be recorded, a reconveyance of Lot A under the Poore deed of trust, and should pay Mr. Kallmeyer $847.53, then and in such event Mr. Kallmeyer should convey to Mr. Watson, his successors or assigns, the westerly one-half of Lot B according to the terms or conditions of the contract of sale dated June 3, 1927, but (c) providing that in the event Lot A is not reconveyed under the Poore deed of

trust, or the sum of $847.53 is not paid, Mr. Kallmeyer should "have a judgment of decree quieting title to the" remaining portion of Lot B, and Mr. Kallmeyer should have judgment against Mr. Watson and Mr. and Mrs. Poore for the sum of $347.53, and finally (d) giving a money judgment in favor of Mr. Kallmeyer against Mr. and Mrs. Poore in the sum of $5,895.

(11)  On February 23, 1939, Mr. Watson, by grant deed, conveyed Lots A, B, C and D to plaintiff herein (Mr. B. W. Burkhead).

(12)  An appeal from the judgment in *Kallmeyer* v. *Poore* resulted in an affirmance on May 19, 1942. (*Kallmeyer* v. *Poore,* 52 Cal.App.2d 142 [125 P.2d 924].)

(13)  Prior to the expiration of 40 days from the date the judgment in *Kallmeyer* v. *Poore* became final, plaintiff herein caused a full conveyance of Lot A to be recorded so as to release it from all liens by reason of the Poore deed of trust.

(14)  The receiver appointed in August, 1937, in the case of *Kallmeyer* v. *Poore* was discharged in the month of November, 1940, leaving on deposit with the clerk of the court $954.37, of which $170.93 was attributable to collections from the westerly one-half of Lot B.  On December 4, 1940, this sum of $170.93 was delivered to Mr. Kallmeyer.  The order by which he received this sum authorized him to collect the rent from the portion of Lot B involved in this action, but ordered him to pay the $170.93 on delinquent taxes on Lot B and to apply any additional rent collected to the taxes on Lot B, and after the taxes were paid in full to apply the rent collected for costs on the judgment until the costs were paid in full.

(15)  January 31, 1941, Mr. Kallmeyer obtained an order of court that the sum of $109.50, owing by Stever and Turner Lumber Company, tenants then in possession of the westerly one-half of Lot B, be paid to Mr. Kallmeyer and this was done about February 1, 1941.  Plaintiff's evidence showed that the 1940 tax of $100.77 plus a penalty of $4.03 on Lot B was paid on April 18, 1941.  On April 17, 1942, plaintiff was inducted into the armed forces of the United States, and thereafter served continuously until August 27, 1945, when he was honorably discharged.

(16)  Mr. Kallmeyer died on or about January 8, 1945, and letters of administration were issued to Arthur E. Briggs on or about February 2, 1945, in the estate of Cornelius Kallmeyer, deceased.

QUESTIONS PRESENTED FOR DETERMINATION

First: *Was there substantial evidence to sustain a finding that within 40 days from the date the judgment in Kallmeyer v. Poore became final Mr. Kallmeyer had been paid the sum of $847.53?*

This question must be answered in the affirmative. During the period between December 11, 1939 and August 29, 1942 (the 40th day after the judgment became final), Mr. Kallmeyer had collected rents from Lot B in the amount of $945.43. On August 20, 1942, Mr. and Mrs. Poore paid Mr. Kallmeyer $8,807.96, in satisfaction of the judgment against them which sum included an item of $347.53, which to that extent was a payment on the $847.53 which Mr. Watson, his successors or assigns, or any other person, was to pay to Mr. Kallmeyer. Thus the total receipts by Mr. Kallmeyer as rents and payment on the judgment as of August, 1942, amounted to the sum of $1,292.96. Mr. Kallmeyer was entitled to credit against said receipts for taxes paid in the amount of $275.73. This left a net amount received by Mr. Kallmeyer in the sum of $1,017.23 as of August 29, 1942. Thus it is evident that Mr. Kallmeyer has been paid the $847.53 decreed to him by the judgment in *Kallmeyer* v. *Poore, supra,* and the foregoing evidence supports a finding to that effect.

The judgment in *Kallmeyer* v. *Poore* (52 Cal.App.2d 142), created an equitable lien in favor of Mr. Kallmeyer to protect the reconveyance of Lot A and the amount of $847.53 due him. Therefore the rents collected by the receiver and by Mr. Kallmeyer should be appropriated to the payment of the judgment debt, and when Mr. Kallmeyer received a clear title to Lot A and payment to him of $847.53 his lien became extinguished.

Second: *Is plaintiff estopped to set up his claim as a successor in interest to Mr. Watson?*

This question must be answered in the negative. Defendant contends that because there is a finding of fact in *Kallmeyer* v. *Poore* that plaintiff held as a mortgagee of Mr. Watson, he is estopped to show that he is the successor or assignee of Mr. Watson. The case of *Kallmeyer* v. *Poore* was decided on February 9, 1939, at which time plaintiff was the mortgagee of Mr. Watson. However, on February 23, 1939, Mr. Watson gave plaintiff a grant deed to the property here in question. The grant deed was recorded March 16, 1939. It is therefore evident that the facts upon which plaintiff herein

predicates his claim arose after the decision in *Kallmeyer* v. *Poore, supra,* and hence plaintiff is not estopped to show that he is the successor in interest of Mr. Watson. (See *Yager* v. *Yager,* 7 Cal.2d 213, 217 et seq. [60 P.2d 422, 106 A.L.R. 664].)

Third: *Was the judgment in Kallmeyer v. Poore res judicata of the issues in the present action?*

This question must also be answered in the negative. The judgment in *Kallmeyer* v. *Poore* decreed that (a) Lot A was to be reconveyed, and (b) $847.53 was to be paid to Mr. Kallmeyer within 40 days after the judgment became final. The present action to quiet title involves the simple issues of whether or not these conditions have been met.

As we have pointed out above, it is conceded that Lot A was conveyed to Mr. Kallmeyer within the prescribed period, and the evidence sustains a finding that the $847.53 was also paid within the time limited by the decree.

Fourth: *Did the statute of limitations in section 336(1), Code of Civil Procedure, bar plaintiff's action?*

This question must likewise be answered in the negative. The judgment became final on July 20, 1942. The present action was commenced November 23, 1945, which is well within the five-year period prescribed in section 336(1) of the Code of Civil Procedure.

Fifth: *Was plaintiff's cause of action barred by the provisions of section 318 of the Code of Civil Procedure?*

This question must also be answered in the negative. Mr. Poore, who was plaintiff's predecessor in interest, was in possession of the property August 4, 1937. The present action was commenced November 23, 1945, which was eight years, three months and nineteen days after August 4, 1937, at which time plaintiff's predecessor in interest was in possession. The Soldiers' and Sailors' Civil Relief Act [54 Stats. 1178, 50 U.S.C.A.App. § 501 et seq.] provides: "Sec. 525. Statutes of limitation as affected by period of service. The period of military service shall not be included in computing any period now or hereafter to be limited by any law . . . for the bringing of any action . . . by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action . . . shall have accrued prior to or during the period of such service. . . ." (Oct. 17, 1940, ch. 88, § 205, 54 Stats. 1181, 50 U.S.C.A. Appendix, para. 525.)

The trial court found, supported by substantial evidence, that: "On April 17, 1942, plaintiff herein was inducted into the Armed Forces of the United States, and thereafter served continuously in the Army of the United States to and until August 27, 1945."

Thus the period of plaintiff's military service, which was not to be computed in the period within which this action might be brought was three years, four months and ten days. Deducting this period from the total elapsed time from August 4, 1937 to November 23, 1945, we have left four years, eleven months and nine days. It thus follows that the present action was commenced within the time prescribed in section 318 of the Code of Civil Procedure.

■ Sixth: *Did the trial court commit prejudicial error in permitting plaintiff to introduce in evidence, (a) the grant deed from Mr. Watson to himself, and (b) certain exhibits showing that plaintiff was seised of the property at the commencement of this action?*

This question must be answered in the negative. (a) The grant deed was properly introduced to show the title conveyed to plaintiff by Mr. Watson; ■ and (b) in view of the fact that defendant had set up the statute of limitations (Code Civ. Proc., § 336(1) ) as a defense, the other documents tending to show plaintiff's *seisin* of the property within the five-year period prior to the commencement of the action were properly received in evidence.

The judgment is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

A petition for a rehearing was denied August 9, 1948, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1948.