PEARSON, Judge.
The single question presented on this appeal is whether or not the constitutional $1,000 personal property exemption from forced sale, which is provided for the head of a family, is applicable where the writ of execution is issued upon a judgment obtained by a former wife for arrearage of child support provided in a final decree of divorce. The chancellor held that the exemption did not apply and ordered that the sale of the property under levy proceed without regard to the claimed exemption. We reverse.
The appellant and the appellee were divorced in Dade County, Florida. The final decree provided for payments for support of a minor child. After defaults in payment, the appellee secured the entry of a final judgment, regular in form, against her former husband for $1,963.70. This sum included not only amounts in default but also an amount for her attorney’s fee. The appellee obtained a writ of execution in Dade County, Florida and levied on personal property owned by the appellant. The appellant filed his sworn affidavit, regular in form, for exemption pursuant to section 222.06, Fla.Stat., F.S.A. In response, the appellee filed notice of contest. The matter came on for hearing before the circuit judge who had granted the decree of divorce, and he entered the order appealed.
The affidavit of exemption, filed by the appellant, recites that appellant is a resident of Dade County, State of Florida, and that he is the head of a family and is entitled to a personal property exemption under the laws and Constitution of the State of Florida. The affidavit further recites that the inventory of his personal effects and the true cash valuation thereof is under $500.
*686 On this appeal, no challenge is made to any procedural step. The appellee urges that a judgment for child support is superior in character and is not subject to the claim of exemption. She contends that a judgment for child support is not a “debt” within the meaning of the language of section 222.06, Fla.Stat., F.S.A.
The pertinent portion of Article X, Section 1, Constitution of the State of Florida, F.S.A., is as follows:
“A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. * * * ” [Emphasis added]
Section 222.06, Fla.Stat., F.S.A., provides a method for securing the benefit of this Constitutional provision; it is in part as follows:
“Method of exempting personal property; inventory. When a levy is made by writ of execution, writ of attachment or writ of garnishment upon any personal property, money, choses in action, or other property of a personal nature, which may be exempt from levy and sale by any process upon which levy shall have been made, the debtor, if he wishes to claim said property as exempt from sale, as aforesaid, shall make or cause to be made an inventory of the whole of his personal property * * *.”
Anderson v. Anderson, Fla.1950, 44 So.2d 652 is the only Florida case which has been cited or that has come to our attention where a husband has sought the exemption from forced sale to satisfy a judgment for child support arrearages. In that case, the defendant-husband had not remarried, and the court found that the defendant was not the head of a family. In this instance, the former husband is remarried, and there is no challenge in the record to the validity of his claim to be the head of a new family.
A situation similar to that before us was considered by the Supreme Court of California in Yager v. Yager, 7 Cal.2d 213, 60 P.2d 422, 106 A.L.R. 664 (1936). The California court reasoned that the second wife is entitled to the protection of the homestead and that she could not be turned out on an execution for an unpaid sum due the husband’s first wife for support of herself and the minor child. The court reasoned that there may be children of a second marriage and that they have the same rights of protection, insofar as the homestead is concerned, as the first wife. We believe that this case is well reasoned. Decisions in other jurisdictions are collected in the annotation at 54 A.L.R.2d 1422.
The Constitution of the State of Florida makes no distinction between a head of a family upon a second marriage and the head of a family upon a first marriage; therefore, the courts may not properly deny the benefit of the exemption to the second family. The language of section 222.06, Fla.Stat., F.S.A., which refers to “the debtor” may not be said to abridge the constitutional provision because the statute merely provides a method for implementing the organic right. The Constitution provides that the designated property “shall be exempt from forced sale under process of any court.” The obligation in the instant case is not within one of the classes of obligations which are specifically stated to be free from the exemption. Exprtssio unius est exclusio alterius. Cf. Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876 (1944).
*687 The order appealed is reversed, and the cause is remanded for proceedings in accordance with the views herein expressed.
Reversed and remanded.
HENDRY, C. J., dissents.