[Civ. No. 1242. Fifth Dist. Jan. 26, 1971.]

PUTNAM SAND AND GRAVEL CO., INC., Plaintiff and Appellant, v. WILLIAM ALBERS et al., Defendants and Respondents.

**COUNSEL**

Stockton & Schrimp and Roger M. Schrimp for Plaintiff and Appellant.

Badger, Mower & Dunford and Carlos J. Badger for Defendants and Respondents.

**OPINION**

**GINSBURG, J.**[*]—Plaintiff recovered a money judgment which was declared to be a lien against certain real property; he appeals from a portion of the judgment which made the lien subject to a claimed homestead exemption.

On August 10, 1967, the defendants Albers and others owed money to plaintiff on an account for building materials. On that date the de-

---

[*]Assigned by the Chairman of the Judicial Council.

fendants Albers conveyed the real property in issue here to the Yorks, their daughter and son-in-law, without consideration. This conveyance was admittedly a fraudulent transfer under the provisions of section 3439.07 of the Civil Code.

On June 7, 1968, plaintiff commenced this action, seeking judgment for the amount of the indebtedness, together with interest thereon. Plaintiff also asked that the conveyance to the Yorks be set aside and annulled on the ground that it was fraudulent as to creditors, and that the judgment for the indebtedness be declared to be a lien on the real property. At the same time, plaintiff recorded a notice of pendency of action, pursuant to Code of Civil Procedure section 409,[1] containing a description of the real property that had been conveyed to the Yorks.

On June 24, 1968, after the filing of this action and the recording of the lis pendens by plaintiff, the Yorks conveyed the subject property back to the defendants Albers. Thereafter, on July 2, 1968, before judgment was entered herein, the defendants Albers recorded a declaration of homestead on the property. On April 2, 1969, the trial court granted plaintiff judgment for the amount prayed for and a lien on the real property in the amount of the judgment; but, in so doing, the trial court ordered that said lien should be subject to the defendants Albers' claim of homestead in the amount of $15,000.

Plaintiff contends that the lis pendens, recorded prior to the reconveyance of title from the Yorks to the defendants Albers and before the declaration of homestead was recorded, had the effect of preserving the status of the title as of the date it was recorded, June 7, 1968. Plaintiff further argues that, under Civil Code sections 1214 and 1215,[2] the re-

---

[1]Section 409 of the Code of Civil Procedure reads in part as follows: "In an action concerning real property or affecting the title or the right of possession of real property, the plaintiff . . . may record in the office of the recorder of the county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property in that county affected thereby. . . . From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action as it relates to the real property. . . ."

[2]Section 1214 of the Civil Code provides: "Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action."

Section 1215 of the Civil Code provides: "The term 'conveyance,' as used in sections 1213 and 1214, embraces every instrument in writing by which any estate or interest in real property is created, alienated, mortgaged, or encumbered, or by which the title to any real property may be affected, except wills."

conveyance was void as against the judgment in the action described in the lis pendens; and further, that upon reconveyance and recording of the declaration of homestead on July 2, 1968, plaintiff's lien remained superior to the declaration of homestead.

■ It is true that a lis pendens is a "conveyance" within the meaning of Civil Code sections 1214 and 1215 (fn. 2, *supra*); a purchaser or encumbrancer thereafter has constructive notice of it, and a subsequent judgment in the action is conclusive as against them (Code Civ. Proc., § 409, fn. 1, *supra; Swartfager* v. *Wells,* 53 Cal.App.2d 522, 528-530 [128 P.2d 128]).

A *homestead,* on the other hand, ". . . is exempt from execution or forced sale except as in . . . [Civ. Code, § 1240] . . . provided." Civil Code section 1241 does not contain as an exception a judgment rendered after the homestead was recorded, even though based on a lis pendens recorded prior to the declaration of homestead; under its terms, the judgment itself must have been *obtained* before the declaration of homestead was filed.[3]

"A declaration of homestead may be filed during the pendency of the litigation, at any time before the judgment has become a lien upon the property. It may be filed subsequent to the rendition of the judgment. [Citations.] It will defeat an existing attachment lien. [Citations.] It may be filed after levy of execution, and provided there is not a valid and subsisting judgment lien on the property, it is not subject to execution sale except upon proceedings had under sections 1245-1259 of the Civil Code, for reaching the excess in value above the homestead exemption of . . . [$15,000.00]." (*Yager* v. *Yager,* 7 Cal.2d 213, 217 [60 P.2d 422, 106 A.L.R. 664].)

■ Thus, it is clear a lis pendens does not ordinarily give precedence to a later judgment over an intervening declaration of homestead; the issue is whether the attempted fraudulent transfer affected the homestead rights of the defendants Albers. ■ The general rule is that the principles of fraudulent conveyances do not apply to declarations of homestead, and that the fact that a debtor filed a declaration of homestead to hinder and delay his creditors does not affect its validity (*Lucci* v. *United Credit & Collection Co.,* 220 Cal. 492 [31 P.2d 369], and cases

---

[3]Civil Code section 1241 provides, in part, as follows: "The homestead if subject to execution or forced sale in satisfaction of judgments obtained: 1. Before the declaration of homestead was filed for record, and which constitute liens upon the premises. 2. . .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   ."

cited therein). ■ "The very purpose of the homestead law is to protect the property from existing debts." (*Yager* v. *Yager, supra,* p. 217.)[4]

In *Breeden* v. *Smith,* 120 Cal.App.2d 62 [260 P.2d 185], a case very similar to the one before us, a father conveyed property to his son without consideration and with intent to defraud plaintiff creditors. After the complaint was filed, but before judgment was entered against him, and without any reconveyance from the son, the father filed a declaration of homestead. The court held that the validity of the homestead was unaffected by either the fraudulent conveyance or the subsequent judgment, the full interest in the property having remained in the father and the son holding legal title as trustee. The court said at page 66 of that opinion: "The court having found that the full interest in this property, other than the bare legal title, was in [defendant] all the time, nothing appears in the record which would adversely affect the validity of the homesteads filed before judgment was entered."

■ We likewise hold that, notwithstanding the fraudulent conveyance, the defendants Albers retained an equitable interest in the property which would enable them to file a valid claim of homestead before judgment.

We also note that the complaint was framed on the theory that the fraudulent transfer to the Yorks was void, at least as to plaintiff; the prayer of the complaint was ". . . that the conveyance from defendants . . . Albers to . . . York be set aside and annulled." Thus, the very thing requested by plaintiff in its complaint was, in fact, accomplished by the reconveyance to the defendants Albers. The parties were thereby restored to their original postures, and, under the rules applicable to such cases, the homestead exemption was properly given priority over the subsequent judgment.

The judgment is affirmed.

Stone, P. J., and Gargano, J., concurred.

---

[4]The public policy prompting homestead exemptions is discussed in *Rich* v. *Ervin,* 86 Cal.App.2d 386, 390-391 [194 P.2d 809], the court saying: " 'Homestead laws are founded upon considerations of public policy, their purpose being to promote the stability and welfare of the state by encouraging property ownership and independence on the part of the citizen, and by preserving a home where the family may be sheltered and live beyond the reach of economic misfortune. The statutes are intended to secure to the householder a home for himself and family, regardless of his financial condition—whether solvent or insolvent—without reference to the number of his creditors, and without any special regard to the extent of the estate or title by which the homestead property may be owned. . . .' "