KELLEHER, District Judge.
 

 The appellants Frank and Elaine Mirgon, who were creditors in the bankruptcy proceeding of appellee Howell, appeal from an order of the District Court for the Northern District of California, which affirmed a Bankruptcy Court order sustaining objec
 
 *82
 
 tions to trustee’s report of exempt property. The order reflected the Bankruptcy Judge’s determination that the appellee was entitled to a homestead exemption in the amount of $30,000 on the ground that he was a “head of a household” within the meaning of California Civil Code § 1261. Originally, the appellants also raised the issue of whether the Bankruptcy Judge erred in not applying the doctrine of res judicata to a prior state court judgment in the subsequent bankruptcy proceeding. That issue has been abandoned by the appellants and is not before us on this appeal.
 

 At the time the appellee was adjudicated a bankrupt, he had been recently divorced. A final judgment of dissolution was entered on October 20, 1976. On January 24, 1977, the appellee recorded a homestead exemption in the amount of $30,000, on the ground that he was the “head of the household” within the meaning of California Civil Code § 1261. The appellee premised his alleged status on the fact that at all relevant times his two adult children resided with him on the premises for which the exemption was sought, and were dependent on him as their sole source of support. Neither child is mentally or physically handicapped, though testimony established that his son, age 23, was unable to find or maintain employment. On July 8, 1977, the Bankruptcy Court held that the appellee qualified as a “head of household” for purposes of the homestead exemption, and issued an order sustaining the appellee’s objections to the trustee’s report of exempt property. That order was affirmed by the District Court.
 

 On appeal, this Court is bound to accept findings of fact made by the Bankruptcy Judge and affirmed by the District Court unless such findings are clearly erroneous. Federal Rules of Civil Procedure § 52(a);
 
 Coen
 
 v.
 
 Ziek,
 
 458 F.2d 326 (9th Cir. 1972). No such limitation applies, of course, to conclusions of law.
 
 United States v. Chichester,
 
 312 F.2d 275 (9th Cir. 1963). The appellants contend only that the Bankruptcy Judge erred in his interpretation of the relevant California homestead statute.
 

 Section 1261 of the California Civil Code defines a “head of a family” in relevant part as follows:
 

 “... (2) every person who has residing on the premises with him or her, and under his or her care and maintenance, either: (a) his or her minor child ... (e) an unmarried sister, or anv other of the relatives mentioned in this section, who have attained the age of majority, and are unable to take care of or support themselves.” [emphasis added].
 

 Whether the above-underlined phrase contemplates an adult child, who, though not mentally or physically handicapped, is
 
 economically
 
 unable to support himself, is a question of first impression. The only cases construing this section as to adult dependents are
 
 Lakas v. Archambault,
 
 38 Cal.App. 365, 176 P. 180 (1918) (a grandmother qualified her grandson as head of household), and
 
 Connell v. Crawford,
 
 101 Cal.App. 162, 281 P. 442 (1929) (an unmarried sister was head of household even though her brother worked at odd jobs and gave money earned to her). In both cases the dependents, though not handicapped, were aged and in deteriorating health. Accordingly, those cases are of little precedential weight in this case.
 

 California Civil Code § 1261(2)(e) makes no reference to the nature of a disability which may render an adult child incapable of supporting him or herself. The plain language of the statute, however, supports the Bankruptcy Judge’s determination that economic disability may bring an adult child within its terms for the purpose of granting a homestead exemption. If the legislature had intended that an adult child must be physically or mentally handicapped to qualify a parent as “head of a household,” it could have so provided. For example, for the purpose of placing upon a parent an affirmative duty of support, the legislature has defined a child as “. . . a son or daughter of whatever age who is incapacitated from earning a living and without sufficient means.” Cal.Civ.Code § 241. No such limiting language is included in § 1261.
 

 
 *83
 
 The California courts have ruled that the homestead statutes are remedial and should be liberally construed.
 
 See, Yager v. Yager,
 
 7 Cal.2d 213, 60 P.2d 422 (1936). As stated by the Bankruptcy Judge in his Memorandum of Decision and Order Sustaining Objections to Trustee’s Report of Exempt Property:
 

 “[t]he policy underlying the homestead exemption legislation is to provide a place where a family and its members may reside and enjoy the comfort of home ‘freed from any anxiety that it may be taken from them by their own necessity or improvidence and undisturbed by the importunity of creditors.’
 
 Strangman v. Duke,
 
 295 P.2d 12, 140 Cal.App.2d 185 (1956).”
 

 The Bankruptcy Judge specifically found that the adult son was unable to find employment despite his efforts to do so, and that he was completely dependent on his father for support. This finding is supported by the evidence. The Bankruptcy Judge did not err in concluding as a matter of law that appellee was entitled to a homestead exemption based on his status as a “head of household” within the meaning of Section 1261 of the California Civil Code.
 

 AFFIRMED.