### In re Charles BILLINGS, Debtor.

### No. 00–12374.

United States Bankruptcy Court, N.D. California.

Feb. 26, 2001.

Edmund B. Dechant, Law Offices of Edmund B. Dechant, Santa, Rosa, CA, for debtor.

Michael H. Meyer, Santa Rosa, CA, trustee.

### *Memorandum of Decision*

ALAN JAROSLOVSKY, Bankruptcy Judge.

Debtor Charles Billings lives with his unmarried 24-year-old daughter, Sierra, who suffers from epilepsy. Although she lived away from home briefly and has at times held low-paying jobs, Sierra has never been capable of steady employment. Because of her epilepsy, she is not permitted to drive. She moved back with Billings in 1999, when she became pregnant. Since that time, Billings has provided her room and board.

The issue before the court is whether these facts entitle Billings to claim the higher homestead exemption provided by California Code of Civil Procedure § 704.730(a)(2) to one who is a member of a family unit. "Family unit" is defined in § 704.710(b)(2)(D) as the debtor and "[a]n unmarried relative described in this paragraph who has attained the age of majority and is unable to take care of or support himself or herself." If Billings is entitled to the higher homestead, his Chapter 13 plan is confirmable; if not, the trustee's objection to the plan must be sustained.

The leading case on this issue is *In re Howell*, 638 F.2d 81 (9th Cir.1980). In that case, the court held that a debtor who had living with him his 23-year-old son was entitled to the higher homestead merely because the son was unable to find work. The court specifically rejected the argument that the dependent had to be physically or mentally handicapped, and implicitly rejected the notion that the dependency needed to be permanent.

In this case, Sierra has been unable to obtain steady or well-paying employment. Under the rule set forth in Howell, this fact alone is enough to justify the higher homestead amount for Billings. However, the primary cause of Sierra's inability to support herself in her epilepsy. Accordingly, Billings would be entitled to the higher homestead amount under California law even if the absence of Howell. *See Connell v. Crawford*, 101 Cal.App. 162, 281 P. 442 (1929).

For the foregoing reasons, the trustee's objection to Billings' Chapter 13 plan will be overruled and the plan will be confirmed. Counsel for Billings shall submit an appropriate form of order.