[S. F. No. 6043. Department Two.—May 17, 1913.]

METROPOLIS TRUST AND SAVINGS BANK (a Corporation), Respondent, v. FRANK BARNET, as Sheriff of the County of Alameda, and W. P. FULLER & COMPANY (a Corporation), Appellants.

Mechanics' Liens—Judgment of Foreclosure Subject to Prior Lien—Estoppel—Different Title Acquired Pendente Lite—Injunction Against Enforcing Judgment of Foreclosure.—A beneficiary under a deed of trust given to secure an indebtedness, which, as a defendant in an action to enforce mechanics' liens against the

trust property, filed an answer merely setting up the priority of its lien over the mechanics' liens, and in which action judgment was rendered for the foreclosure of the mechanics' liens subject to its prior lien under the trust deed, was not estopped, by reason of such judgment, from asserting in a subsequent action to enjoin the enforcement of the judgment against the land subject to the mechanics' liens, an absolute title derived by it pending the mechanics' lien suit through a trustee's sale under the trust deed.

ID.—SUPPLEMENTARY ANSWER—TITLE ACQUIRED PENDENTE LITE NEED NOT BE SET UP.—It was not compulsory for such defendant to file a supplementary answer in the mechanics' lien suit setting up the title so acquired *pendente lite.* In the absence of such an answer, the rights of the parties determined by that action were only such as existed at the commencement of the action and were put in issue.

ID.—SALE OF PROPERTY SUBJECT TO LIEN—PERSONAL JUDGMENT FOR DEFICIENCY.—The statutory provision requiring a sale of property subject to a mechanic's lien before a personal judgment for a deficiency may be entered, applies only where such personal judgment is to be entered against the owner of the property.

ID.—RIGHT TO PERSONAL JUDGMENT AGAINST CONTRACTOR.—In an action to enforce mechanics' liens for materials furnished the contractor, in which the latter is made a party defendant, the plaintiff is entitled to, and could insist upon, a personal judgment against him for the full amount due, the payment of which could be enforced by execution. It is not essential that in the judgment foreclosing the liens, the court should make the sale of the property a prerequisite to the entry of a deficiency judgment against the contractors.

ID.—JUDGMENT RESTRICTING PERSONAL JUDGMENT TO AMOUNT OF DEFICIENCY—INJUNCTION AGAINST EXECUTION.—The fact that such a judgment does so provide, and has become final, would not justify a court of equity in refusing to enjoin its execution at the instance of a third person holding the paramount title.

ID.—OWNER OF LAND MAY ENJOIN USELESS EXECUTION SALE—CLOUD ON TITLE.—Equity will enjoin a sale of land under a judgment, at the instance of a third person holding the absolute title, where, if the sale took place, the purchaser would acquire no title, and all that would be accomplished would be to injure the owner of the land by casting a doubt and cloud upon his title.

ID.—AMENDMENT OF JUDGMENT FOR DEFICIENCY AGAINST CONTRACTOR.— Where a judgment foreclosing mechanics' liens by its terms only ordered a personal judgment against the contractor for the deficiency remaining after the sale of the property, the court rendering the judgment upon a showing in the mechanics' lien action that it would be of no possible avail to enforce a sale of the property for the reason that the interest subject to the lien had ceased to

exist, could order a personal judgment against the contractor for the full amount due, without any further proceedings for the sale under the judgment.

APPEAL from a judgment and from an order of the Superior Court of Alameda County granting a permanent injunction. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Snook & Church, for Appellants.

Gavin McNab, B. M. Aikins, and Oliver B. Wyman, for Respondent.

LORIGAN, J.—This action was brought by plaintiff to permanently enjoin defendants from selling certain real estate in Alameda County, under a judgment obtained in a suit to foreclose a mechanic's lien. Judgment went for plaintiff and defendants appeal. The only point involved is whether the findings sustain the judgment.

The material facts as found are, that on December 4, 1902, H. Brand and wife made six deeds of trust to the California Title Insurance and Trust Company, conveying six lots of land to secure advances of upward of thirty thousand dollars made to them by the respondent, then known as the Phoenix Savings, Building and Loan Association; that on October 28, 1903, the appellant, W. P. Fuller & Company, brought six separate suits in the superior court of Alameda County against said Brand and others, to foreclose six mechanics' liens for materials furnished upon said respective parcels of real estate, the respondent being one of the defendants in said action; that respondent filed its answer in such action on April 14, 1904, and an amended answer on October 21, 1905, in which a lien prior to that of Fuller & Company upon all said property was asserted by reason of the deeds of trust referred to; that subsequent to the filing of the answer, but before the amended answer was filed, Brand and wife defaulted in the payments provided for in the trust deed, and respondent purchased the several parcels of real estate at the trustee's sale following such default, receiving the trustee's deed therefor, and thereupon became invested with the title

to said property free from any encumbrances or liens whatsoever; that on July 6, 1906, in said mechanics' lien suits judgment was awarded Fuller & Company, making certain sums claimed by it a lien upon all of said parcels of real estate, subject and subordinate, however, to the lien of respondent under the deed of trust, and ordering the property to be sold, with the further order for a personal judgment against Woodward, Watson & Company, a corporation, which was also a defendant in the action, for any deficiency remaining over after such sale; that respondent in its amended answer failed to set up any defense based on any matters arising out of the sale by the trustee made on June 30, 1904, or the deed executed to it as purchaser thereunder; that such deed was not offered in evidence at the trial, nor any rights of respondent arising thereunder litigated or adjudged in said action.    It appears further that Woodward, Watson & Company, against whom the personal judgment for a deficiency was to be entered, were the contractors for the erection of buildings on the lots out of which the mechanics' liens of Fuller & Company arose.

But two grounds of attack on the decree awarding respondent a permanent injunction need be noticed.

It is claimed by appellants that the respondent is precluded from asserting in the present action the title derived by it through the trustee's sale pending the mechanics' lien suit brought by Fuller and Company; that said title was involved in said action in which the respondent was defendant, and is *res adjudicata* by said judgment, so that respondent is estopped from asserting it in the present suit.

But we think it clear that there is no merit in this contention. It is apparent that the only issue made in the mechanics' lien suit brought by Fuller & Company and tendered by the answer of respondent, was solely as to the priority of the liens asserted by the parties. The title which is asserted in the present action—the absolute title acquired by respondent under the trustee's sale—was not put in issue by the answer of respondent. In fact it did not then have the absolute title to the property, as the trustee's sale, under which that title was derived, had not then taken place. It is true that subsequent to the filing of its answer respondent acquired such title under the trustee's sale, but that title was

never put in issue. It might have been, had the respondent chosen to do so by a supplemental answer. But no such answer was filed, and we are not referred to any authority which made it compulsory that such an answer should be filed. In the absence of such supplemental answer the rule is that: "The rights of the parties are to be determined as they were at the commencement of an action unless some event happens subsequently which affects the matters in issue and the court cannot consider such subsequent matter unless it is presented by a supplemental pleading." (21 Ency. of Plead. & Prac., p. 8.)

Our code declares (Code Civ. Proc., sec. 1911) that "that only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."

As said in Freeman on Judgments, 4th edition, section 249: " . . . The general expression, often found in the reports, that a judgment is conclusive of every matter which the parties might have litigated in the action is misleading. What is really meant by this expression is, that a judgment is conclusive upon the issues tendered by the plaintiff's complaint. It may be that the plaintiff might have united other causes of action with that set out in his complaint, or that the defendant might have interposed counterclaims, cross-bills, and equitable defenses, or either of the parties may have acquired new rights pending the litigation, which might, by permission of the court, have been pleaded by supplemental complaint or answer, and therefore might have been litigated in the action. But as long as these several matters are not tendered as issues in the action, they are not affected by it. . . . The plaintiff must support all the issues necessary to maintain his cause of action. The defendant must bring forward all the defenses which he has to the cause of action asserted in the plaintiff's pleadings at the time they were filed. . . . . Thus, in an action to recover real estate, the defendant cannot put in evidence a title acquired *pendente lite*, unless he has pleaded it by a supplemental answer; and therefore where he has not so pleaded it, he is not concluded from asserting it in a subsequent action."

.See, also, *People's Savings Bank* v. *Hogdon,* 64 Cal. 95, [27 Pac. 938] ; *Hall* v. *Susskind,* 109 Cal. 203, [41 Pac. 1012].

The absolute title which the respondent obtained, and which is asserted in the present action, was acquired after the mechanics' lien suit was at issue; it was not the title litigated in the suit, nor was it an issue in that action, and under the authorities just referred to the claim of appellants that the judgment in that suit was *res adjudicata* as to the title now asserted is not well taken.

It is further insisted by appellants that they are entitled under the decree in the mechanics' lien suit to have a personal judgment entered against Brand—the owner of the property —and the other defendants for any deficiency under the sale; that the sale is a statutory prerequisite to the entry of such personal judgment and the court in the present action had no right to grant a permanent injunction the effect of which, they claim, is to absolutely deprive Fuller & Co. of its right to have such a deficiency judgment entered.

But the statutory provision requiring a sale of property subject to the lien before a personal judgment for a deficiency may be entered applies only where such personal judgment is to be entered against the owner of the property. (*Central L. & M. Co.* v. *Center,* 107 Cal. 197, [40 Pac. 334] ; *Hines* v. *Miller,* 126 Cal. 683, [59 Pac. 142].)

Whether this statutory requirement would preclude a court of equity from enjoining a sale under such a judgment on the facts found here we are not called on to consider because there was no personal judgment directed to be entered against Brand, the owner of the property, or against any of the other defendants save Woodward, Watson & Co., who were the contractors for the erection of the building out of which the claim for a lien arose. As against the latter Fuller & Co. was entitled to and could have insisted upon, a personal judgment for the full amount found due and payment of which could have been enforced by execution. The statute does not provide, and it is not essential in a lien foreclosure judgment, that the court should make the sale of the property a prerequisite to the entry of a deficiency judgment against the contractors. It is true that the judgment in the foreclosure lien proceeding here does so provide and to that extent it is peculiar. The judgment too is final. But the fact that it is

in the terms indicated and a final judgment affords no valid reason for saying that if its enforcement, as far as permitting a sale of the property is concerned, would be inequitable, a court of equity could not prevent it. Usually in a case where the power of the court of equity is invoked to restrain the enforcement of a judgment in a court of law, the validity of the judgment and the apparent right of enforcement is conceded, and it is because of such apparent validity and right that a court of equity will restrain a party from proceeding under it where to permit this to be done would be clearly inequitable and unjust. And when, as it appears here, a sale of the property if made would be of no beneficial advantage to Fuller & Co. and would vest no title whatever in a purchaser thereat, but its only effect would be to create a cloud upon the title of the respondent a court of equity will enjoin the sale. These propositions are so well settled as to make unnecessary a citation of authorities in their support.

The only question therefore is, do the findings in the present case sustain the decree of the lower court in restraining the attempted sale? We are satisfied they do.

It will be observed that in the mechanics' lien action there was no judgment against the respondent here; the judgment declared a lien against a certain interest in real property subject to a superior lien in favor of the respondent and decreed that such interest should be sold with a right to a personal judgment for any deficiency against Woodward, Watson & Co. only. But this interest—the interest of Brand in the property—which was subject to the mechanics' lien and ordered sold and which appellants undertook to have sold, had even before the judgment in the mechanics' lien suit had been entered, ceased to exist or to be subject to the mechanics' lien judgment by virtue of the trustee's sale and deed to the respondent under its superior and recognized lien. This latter conveyance vested the absolute title in respondent and thereby effectually destroyed the lien of the mechanics' lien suit judgment. This being true nothing of substantial benefit whatever could accrue to Fuller & Co. by a sale of the property. The purchaser thereat would acquire no title and all that would be accomplished would be to injure the respondent by casting a doubt and cloud upon its title. Equity

will enjoin a sale under a judgment where this is the only result to be accomplished by it.

Nor is it essential, as appellant contends, that there should be a sale of the property and a return of the sheriff in order to determine the amount for which the personal judgment should be entered against Woodward, Watson & Co. under the terms of the decree. As under the facts disclosed nothing could be accomplished for their benefit by a sale of the interest in the property which the mechanics' lien judgment directed, Fuller & Co. was not required, by any statutory provision to which our attention has been called, to go through the idle ceremony of making such sale before it could have a personal judgment against Woodward, Watson & Co. who were made liable therefor. The law does not require the performance of an idle act. Upon a showing in the mechanics' lien proceeding that it would be of no possible avail to enforce a sale of the property for the reason that the interest subject to the lien had ceased to exist the court could have ordered entered a personal judgment against Woodward, Watson & Co. for the full amount due Fuller & Co. without any further proceedings for the sale under the judgment.

The judgment and order appealed from are affirmed.

Henshaw, J., and Melvin, J., concurred.