[Civ. No. 2109.  Second Appellate District.—February 4, 1918.]

VINCENT BISSIG, Respondent, v. JOHNSTON ORGAN AND PIANO MANUFACTURING COMPANY (a Corporation), Appellant.

PROMISSORY NOTE—PLEADING—AMENDMENT OF ANSWER.—Where, in an action on a promissory note, the answer sufficiently denied the consideration but insufficiently denied the execution of the note, application for leave to file an amended answer made pending motion for judgment on the pleadings should have been permitted.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Frank Bryant, for Appellant.

Carter, Kirby & Henderson, for Respondent.

CONREY, P. J.—The defendant appeals from a judgment which was rendered pursuant to an order granting a motion for judgment on the pleadings.  The complaint, which was verified, alleged that on the seventeenth day of September, 1913, defendant was indebted to plaintiff in the sum of one thousand dollars, and that as evidence of said indebtedness defendant executed and delivered to plaintiff on that day the described note.  The answer contains an evasive and insufficient denial of the execution of the note, and we will assume

that the note was executed and delivered as alleged. But the answer does specifically and in sufficient terms deny that on September 17, 1913, or at any time, the defendant was indebted to the plaintiff in the sum of one thousand dollars, or at all.

If the complaint had alleged the execution of the note without specifying the fact of pre-existing indebtedness and without stating that the note was given as evidence of such indebtedness, we think that defendant's denial that it was indebted to the plaintiff would have raised no issue, for it would have been merely a denial of a conclusion of law and would not have been equivalent to an assertion that the note was given without consideration. But the allegations of the complaint relied upon such pre-existing indebtedness as constituting the sole consideration for the execution of the note. The defendant was entitled to meet the case as alleged. By denying the existence of the indebtedness and by denying that the note was executed as evidence of such indebtedness, the issue tendered by the plaintiff was accepted. In this condition of the pleadings the plaintiff was not entitled to judgment without proof that the only claimed consideration for the note did in fact exist.

While the motion for judgment on the pleadings was pending, the defendant moved for leave to file an amended answer which, as offered, was undoubtedly sufficient to raise issues upon which a trial would have been necessary. Under the circumstances this amendment should have been permitted.

The judgment is reversed.

James, J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1918, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the second appellate district, we deem it proper to say that we do so on the ground last stated in the opinion, viz., that the trial court erred in refusing to allow an amended answer to be filed. This being a case within the appellate jurisdic-

tion of the district court of appeal, as declared by the constitution, the rules expressed by us in such cases as *Rauer's Law etc. Co.* v. *Berthiaume,* 21 Cal. App. 675, [132 Pac. 833], govern.