[Civ. No. 7655.   First Appellate District, Division One.—December 9, 1930.]

MABEL H. KETTELLE, Appellant, v. H. C. KETTELLE, Respondent.

Max Schleimer for Appellant.

Walter T. Casey for Respondent.

THE COURT.—An appeal by the plaintiff from an order made in the above action awarding to the defendant the custody of Pearl Kettelle, a minor child of the parties.

The action was one for divorce and the custody of two children, the issue of the marriage. On September 15, 1926, an interlocutory decree was entered adjudging that plaintiff was entitled to a divorce from defendant. The decree awarded the custody of Pearl Kettelle to the plaintiff, who was also allowed the sum of $125 per month for support, the payments to continue for one year. The court reserved the right to fix at the end of that period an amount to be paid by defendant for the care and support of Pearl Kettelle. The custody of the other child was awarded to the defendant. On September 28, 1927, a final decree of divorce was entered. The provisions of this decree followed those of the interlocutory decree, but the same was on November 22, 1927, modified on plaintiff's motion by providing that the defendant, commencing on December 1, 1927,

should pay to plaintiff the sum of $50 per month for the support of Pearl Kettelle. On December 8, 1927, the court made an order, directing plaintiff to show cause why the decree awarding her the custody of Pearl Kettelle should not be vacated and the custody awarded to the defendant. This order was based on the affidavits of defendant and others, stating matters with respect to plaintiff's conduct and her care of the child which tended to show that it was for the best interests of the latter that the custody be changed. The material portions of these affidavits were controverted by others filed by plaintiff and by oral testimony adduced by her at the hearing, after which the order complained of was entered.

One affidavit filed by defendant referred to acts of plaintiff before the entry of the interlocutory decree, and others to acts and occurrences between the entry of the interlocutory and final decrees. Plaintiff contends that these decrees adjudicated her fitness to have the custody of the child and that the above evidence therefore was incompetent.

It has been held that to justify a modification of a divorce decree with respect to the custody of minor children there must be a change of circumstances after the original decree was entered (19 Cor. Jur., Divorce, sec. 810, p. 350). Here, however, with the exception mentioned, the acts and omissions alleged followed the entry of the interlocutory decree, and the question whether the allegations, if true, rendered a change of custody for the best interests of the child was not litigated upon the entry of the final decree (*Brown* v. *Brown*, 170 Cal. 1 [147 Pac. 1168, 1170]). As stated in the case cited, "the general rule that a judgment is conclusive not only as to that which is actually determined, but also as to every other matter which the parties might have litigated in the action, is not always applicable literally"; and does not apply to new rights acquired pending the action which might have been, but which were not, required to be litigated (*Brown* v. *Brown, supra; Metropolis etc. Sav. Bank* v. *Barnet,* 165 Cal. 449 [132 Pac. 833]). As provided by the code, that only is deemed to have been adjudged in a former judgment which appears on its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto (Code Civ. Proc., sec. 1911).

■ The paramount consideration in determining to whom the custody of a child shall be awarded in a divorce is the welfare of the child (*Bancroft* v. *Bancroft,* 178 Cal. 352 [173 Pac. 582]); and the conclusion of the trial court in this respect will not be set aside in the absence of a clear abuse of discretion (*Dickerson* v. *Dickerson,* 108 Cal. 351 [41 Pac. 475]). ■ Nor, if it be for the best interest of the child, is there any rule preventing an award of its custody to the parent whose offense caused the divorce (*Matter of Cozza,* 163 Cal. 514 [Ann. Cas. 1914A, 214, 126 Pac. 161]; *Lampson* v. *Lampson,* 171 Cal. 332 [153 Pac. 238]). As was said in *Bell* v. *Krauss,* 169 Cal. 387 [146 Pac. 874, 875]: "Divorces are not granted for offenses against children, and the bestowal of the custody of a minor child in a divorce action is not, unless otherwise provided by statute, an adjudication of the fitness of the parent who is for the time denied the custody of the child. It is nothing more than an expression of the court's belief that under the circumstances then existing the welfare of the child will be best subserved by placing the child with one of the parents rather than the other."

■ Here, so far as shown, there was no finding in any of the proceedings that either party was an unfit person to have the custody · of the child, the conclusion of the court apparently being that the welfare of the child under the circumstances existing at the time of the entry of the interlocutory decree would be better subserved by placing her in the custody of her mother while the other child was placed in the custody of his father. Subsequently, however, conditions having changed, it was a conclusion of the court that the best interests of the child required a change of custody. We cannot say from the evidence that its conclusion was unsupported.

■ In the consideration of an appeal from an order based upon affidavits this court is bound by the same rule which controls when oral testimony is presented for review. If there is any conflict therein those in favor of the prevailing party must be taken as true (*Doak* v. *Bruson,* 152 Cal. 17 [91 Pac. 1001]).

■ While the affidavit covering the acts of the plaintiff previous to the entry of the interlocutory decree should, we think, have been excluded, nevertheless others related

many similar instances of neglect which occurred thereafter. Prejudice from error is no longer presumed but must affirmatively appear (*Vallejo etc. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545 [147 Pac. 238]). The evidence was sufficient without this affidavit to support the court's conclusion; and after considering the whole record, including the evidence, we are of the opinion that no error is shown which would warrant a reversal of the order.

The order is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 8, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 5, 1931.