[Crim. No. 2901. Second Appellate District, Division One.—October 7, 1936.]

THE PEOPLE, Respondent, v. RAYMOND J. HICKEY, Appellant.

S. Ward Sullivan for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—From the files in a certain suit for divorce that was instituted in the superior court, it appears that a woman plaintiff brought an action against her husband, and that on the occurrence of the default of the latter therein, and the subsequent hearing of said suit, a minute order was made by the trial court by which, on September 17, 1934, the plaintiff was "granted an interlocutory decree of divorce and awarded custody of minor children". Two days later, by an order that was made by the trial court, the former order was "set aside"; and instead thereof, although as before, the plaintiff was granted an interlocutory decree of divorce, the custody of the minor children was awarded to the maternal grandmother of the said children "until further order of court"; which latter order was incorporated in the interlocutory decree which some days later was signed by the trial judge. On November 9th, of the following year, the mother of the children presented to the trial court her

petition for an order to the effect that the custody of said children be taken from their grandmother and thereupon be awarded to said mother; which petition was contested by the father of the children, particularly on the ground of moral misconduct of the mother. On the hearing of that petition, defendant in the instant action was called as a witness and therein gave certain testimony,—in pursuance and on account of which he was prosecuted for and thereupon convicted of the commission by him of the crime of perjury. From a subsequent order made by the trial court by which defendant's motion for a new trial was denied, he has appealed to this court.

The information that was filed against defendant consisted of but one count, which, however, contained eleven specifications, as to each of which it was alleged that defendant had given false testimony,—the greater part of which related to asserted misconduct on the part of the plaintiff in the divorce suit, in which misconduct it was alleged that defendant herein had participated, and which misconduct assertedly had occurred prior to the date when the interlocutory decree of divorce had been granted.

Appellant urges the point that, notwithstanding the fact that by the terms of the interlocutory decree, the custody of the children was awarded to the grandmother, their custody having been originally awarded to the mother, as shown by the minutes of the court, the question of her fitness to have their custody was settled and became *res judicata* as of the date of that order; and that consequently, on the hearing of the subsequent petition presented to the court by the mother, by which she sought a change in the custody of the children, and wherein her fitness as a custodian was made an issue, any testimony, however false, that related to her alleged misconduct which assertedly had occurred prior to the date of the original order, was wholly irrelevant and immaterial; and for that reason was unavailable as a basis for a charge of perjury against the witness, who is defendant herein, and who had given such alleged false testimony.

Without meaning to be considered as herein attempting to fully and accurately express a governing legal principle of law, it may be conceded that, generally speaking, as between parties to an action, in a subsequent proceeding

or action between the same parties, a decision that was rendered on any issue in the first action becomes a settled fact which may not properly be litigated anew in the second action or proceeding.

In the instant matter (again from the files of the superior court), it appears that the complaint in the divorce suit did contain an allegation regarding the fitness of the mother to have the control and custody of the minor children of the parties, and that the prayer of the complaint was appropriately inclusive of a proposed award to the plaintiff which might be made in the said suit. The issue was thus fairly tendered to the defendant therein; and the fact that he suffered his default to be taken in the suit did not alter that situation; nor, ordinarily, would it affect the conclusiveness of the decree with respect to the fitness of the mother to have the custody of the children,—not as of the date of the decree, but only as of the date of the commencement of the suit. (*Brown* v. *Brown,* 170 Cal. 1 [147 Pac. 1168].) However, according to testimony given in the instant matter, no evidence was introduced in the divorce suit regarding the issue of the fitness of the mother to be awarded such custody; besides which, although by the terms of the original minute order in the divorce suit, the custody of the minor children was awarded to the mother, two days thereafter that order was "set aside", and both by the new order and the interlocutory decree, the custody of said children was awarded to the grandmother;—from which facts, coupled with the additional fact alleged in the complaint, that theretofore the property rights of the parties had been settled by them, it might be surmised that the parties had mutually agreed also on the question of the custody of the children, and consequently, that that issue had been withdrawn from the litigation. But however that may be in fact, it is evident that as far as the thing adjudged by the interlocutory decree was concerned, it was not *in favor* of, but inferentially, was *against,* the allegation that the mother was a fit and proper person to have the care and custody of the said children.

In the case of *Kettelle* v. *Kettelle,* 110 Cal. App. 310, 312, [294 Pac. 453], a similar situation was before the District

Court of Appeal for its consideration. With respect thereto, in part, the court said:

" . . . As stated in the case cited [*Brown* v. *Brown*, 170 Cal. 1 [147 Pac. 1168], 'the general rule that a judgment is conclusive not only as to that which is actually determined, but also as to every other matter which the parties might have litigated in the action, *is not always applicable literally*'; and does not apply to new rights acquired pending the action *which might have been*, but *which were not, required to be litigated*. (*Brown* v. *Brown*, *supra; Metropolis etc. Sav. Bank* v. *Barnet*, 165 Cal. 449 [132 Pac. 833].) As provided by the code, that only is deemed to have been adjudged in a former judgment which appears on its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto (Code Civ. Proc., sec. 1911)."

It is obvious that in the divorce suit, the issue not having been clearly determined either the one way or the other, the decree that was rendered therein may not properly be said to have been *res judicata* as to the point under consideration. But even if it might be ruled that the issue was adjudicated, nevertheless, notwithstanding the effect of the general weight of authority, in substance, that evidence which might relate to a thing or matter theretofore · adjudicated in an action is immaterial and consequently inadmissible in a subsequent action between parties who are identical with those in the first action, it should be apparent that an exception to that rule should be noted in a situation such as is here presented, wherein it appears that the determination of the issue depended upon a decision regarding the then or the former moral delinquency of the mother. The materiality of evidence of the fact that· prior to the date when the interlocutory decree of divorce was granted, the mother had conducted herself in such an indiscreet manner that no inference was reasonably deducible therefrom other than that she had been unfaithful to her marriage vows with the identical individual with respect to whom, in the subsequent proceeding she likewise was accused, is most obvious. It is a presumption of law "that a thing once proved to exist continues as long as is usual with things of that nature". (Subd. 32, sec. 1963, Code Civ. Proc.)

Consequently, if on the hearing of the petition it could be established by evidence that within any reasonable time preceding the date of such hearing, even including a period not too remotely antecedent to the date of the interlocutory decree, the mother of the children had sustained meretricious relations with one who was then accused of the commission of lascivious conduct in which the mother had participated, it would be but a fair inference that at an opportune moment, and in favorable conditions thereafter, a repetition of such immoral conduct would ensue. It is a matter of common observation that once, contrary to the conventions, a woman has willingly submitted to the embraces of a man, thereafter she more willingly yields herself to him. It also should be noted that the purpose of the introduction of the evidence to which appellant here objects was not to retry the issue as of the date of the interlocutory decree, and thus to establish a fact contrary to any implied finding upon which the decision as to that issue was or possibly might have been based; rather, its relevancy and materiality was to forcefully suggest the likelihood that a condition shown to have once existed, taken together with other and subsequent facts established by competent evidence, was continuous and actually then existent. It follows that the point suggested by appellant cannot be sustained.

■ Appellant also complains that as to none of the several specifications that were contained in the information that had been filed against defendant with reference to the giving of false testimony by him was the evidence sufficient to support the verdict of conviction.

It is unnecessary to consider more than one of the several statements that were made by defendant under his oath as a witness, and upon which the charge of perjury in part was predicated. In that regard, in substance, defendant testified that he "never did sleep with the plaintiff . . . at any time". With reference to the falsity of that statement, on the trial of the instant action, one of the daughters of the plaintiff in the divorce suit testified substantially as follows:

"My two sisters—I mean my middle sister, . . . and myself, slept in the car; and my little sister and mother

and Mr. Hickey [defendant] slept on the mattress out on the ground.''

That statement referred to an automobile trip which lasted about six weeks that was made by defendant in company with the mother and her minor children. Defendant did not deny the fact that this trip was taken, nor that he and the mother did occupy the same bed. With reference to a second situation, the testimony of another of the children in part was as follows: ''Well, my two sisters and my mother and myself—we all went to bed in the middle room, and Mr. Hickey [defendant] would sleep out on the couch in the front room; but, then, in the morning my mother was always in bed with him, when we got up'';—which testimony related to a period of about three weeks during which defendant, with the mother and the minor children, lived in a house on Baldwin Street, in the city of Los Angeles, which house had been rented and paid for by defendant, as was established by the owner of the premises. In addition to the foregoing, the record contains an abundance of corroboratory evidence with reference to the alleged false testimony given by defendant, from all of which but the one conclusion reasonably could have been reached by the jury, to wit, that the statement alleged to have been made by defendant was false.

Finally, appellant asserts that prejudicial error was committed by the trial court in giving certain instructions to the jury; also in refusing to give to the jury one other instruction that was offered by defendant.

Rule VIII of the Supreme Court and District Courts of Appeal in part provides as follows: '' . . . but where instructions given to a jury are attacked as erroneous, all other instructions given, bearing upon that subject, must be printed in full in the appellant's brief. If it be claimed that instructions requested were erroneously refused, the refused instructions must be printed in full in appellant's brief, and all instructions given, bearing upon the subjects covered by the refused instruction, must be printed in appellant's brief in .full, or the substance thereof clearly stated, with citation to the line and page of the tran-script where such instructions may be found.''

For the reason that in his brief herein appellant has failed to comply with the requirements of that rule, this

court is under no obligation to search the record for the purpose of ascertaining therefrom whether appellant has any real cause for complaint. However, by respondent's brief the fact is clearly pointed out that as to each of the criticized instructions to which appellant has directed attention, the particular excerpt therein to which he has objected was not only carefully and correctly guarded by other language contained within the same instruction, but as well, was repeated in other instructions that were given to the jury; and that as to the instruction that was offered by defendant, but refused to be given by the trial court to the jury, other instructions were given that fully embraced the point of law which was attempted to be covered by the refused instruction.

No prejudicial error appearing in the record, it is ordered that the order from which the appeal herein is taken be, and it is, affirmed.

York, J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 2, 1936.