Filed 9/27/13  Marriage of Mumma and Rosenfield CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of REBECCA MUMMA and DON ROSENFIELD. | |
| REBECCA MUMMA, Appellant, v. DON ROSENFIELD, Appellant. | A134292 (San Francisco County Super. Ct. No. FDI-04-757877) |

Rebecca Mumma appeals from a November 22, 2011, order denying her request for a downward modification of spousal support in favor of Don Rosenfield.  She asserts the court erred as a matter of law by refusing to consider her loss of tax deductions after the sale of the marital residence as a factor impacting her ability to pay spousal support.  We agree with Mumma, and accordingly, we shall reverse and remand the matter for further proceedings.[1]

### FACTUAL AND PROCEDURAL BACKGROUND[2]

Mumma and Rosenfield were married on November 29, 1990 and separated in October 2004.  On September 19, 2006, the parties entered into a stipulated judgment of

---

[1]     In light of our determination, we dismiss as moot Don Rosenfield's cross-appeal from so much of the November 22, 2011, order as denied his request for attorney fees.

[2]     We set forth only those facts necessary to resolve the issue raised on Mumma's appeal.

dissolution that incorporated a marital settlement agreement (the "MSA"), outlining each party's respective property interests and support obligations. The MSA required Mumma to pay support to Rosenfield in the base sum of $2,350 per month. The monthly sum was modifiable under the following circumstances: "The parties agree [Mumma] may seek a downward modification of spousal support upon a showing of changed circumstances. However, under no circumstances shall any court have jurisdiction to modify spousal support upward or in any way increase the amount of spousal support payable by [Mumma] to [Rosenfield]. The parties agree that the sale or transfer of the former family residence. . . shall constitute a change of circumstances sufficient for [Mumma] to request a downward modification of support."

On May 14, 2010, Mumma filed a motion for downward modification of spousal support based on her change in income, which was opposed by Rosenfield. In support of her motion, Mumma informed the court the marital residence was "in escrow and scheduled to close escrow shortly." The house sale closed on June 1, 2010.

A superior court commissioner assigned to the case held a hearing on August 26, 2010, and later presided at a judicial settlement conference on October 7, 2010, after which the parties stipulated that a decision would be rendered on all issues presented by the parties' pleadings. In the commissioner's written order filed on November 30, 2010, Mumma's request for a downward modification of spousal support retroactive to May 2010 was denied because she had failed to demonstrate that a substantial change of circumstances beyond her control had caused a decrease in her ability to pay the current support order. In so ruling, the commissioner commented that Mumma had not provided sufficient documentation regarding her current pay and benefits, and her income and expense declaration "was stale, given the new status of the sale of the house and the old mortgage figures no longer apply."

On December 15, 2010, Mumma filed a motion for reconsideration, which was opposed by Rosenfield. The commissioner denied the motion for reconsideration, but ruled that Mumma could file a new motion. However, the commissioner advised Mumma that she would be required to meet the legal standard for a downward

2

modification based on changed circumstances, and Rosenfield would have an opportunity to inquire into and cross-examine Mumma on the matter.

On January 27, 2011, Mumma filed a new motion for downward modification of spousal support. In support of the request, Mumma asked the court to consider numerous changed circumstances, including that since the last order, her work as an independent contractor had ended, she was now a salaried employee on a fixed income, she was no longer able to generate additional income without explicit approval of her employer, and in 2011, she would pay higher taxes and no longer be able to claim income tax deductions for property tax and mortgage interest because of the sale of the house. In a supplemental declaration filed on June 27, 2011, Mumma again contended she was filing the motion based on numerous changed circumstances, including her change in employment and income, and that "[t]he judgment specifically states that the sale of the residence would constitute a change of circumstances. The residence sold between the time she filed in May 2010 and the present. [She] no longer has the tax benefits from home ownership. . . ."

On November 22, 2011, Mumma's motion for downward modification of spousal support was heard before a superior court judge. After argument, the court denied Mumma's motion in a written order, finding as follows: "1. There exist no changed circumstances from the time of the prior hearing on a motion for modification on August 26 to the current hearing on motion for modification that would justify revisiting the issue of spousal support. 2. The sale of the home was not raised by the parties, argued to the Court in pleadings, or appears to have been considered by [the court commissioner] in her order of November 30, 2010. 3. [The commissioner's] calculations incorrectly applied the mortgage payments and property tax payments as the house had been sold prior to the August 26 hearing and her November 30, 2010 order. 4. The house had been sold at the time of the litigation and the order and no appeal was made to [the commissioner's] November 30 ruling. 5. The Court has no jurisdiction to reconsider issues that were already in existence when [the commissioner's] order was made following the August 26, 2010 hearing."

3

**DISCUSSION**

We agree with Mumma that the November 22, 2011 order must be reversed because the court should have considered the impact of the loss of tax deductions after the house sale as a factor in determining her ability to pay spousal support. At the time Mumma's original motion was filed in May 2010, the house had not been sold, and she did not amend her motion papers after the sale. The commissioner's November 30, 2010 order resolved only those issues raised in Mumma's motion papers, and did not consider or rule on the impact of the loss of tax deductions after the house sale as a factor in determining her ability to pay spousal support. Consequently, there was no bar to Mumma's later request for a downward modification of spousal support and the court erred in finding that it lacked jurisdiction to consider the matter. As explained by the court in *Allied Fire Protection v. Diede Construction, Inc*. (2005) 127 Cal.App.4th 150, " 'The scope of litigation is framed by the [pleading] at the time it is [first] filed.' [Citation.] [¶] Res judicata is not a bar to claims that arise after the initial [pleading] is filed. . . . The general rule that a judgment is conclusive as to matters that could have been litigated 'does not apply to new rights acquired pending the action which might have been, but which were not, required to be litigated [citations].' " (*Id*. at p. 155.) While it may have been more efficient if Mumma asked the court to consider the impact of the loss of tax deductions after the house had been sold, under res judicata principles, she was not required to do so as part of her May 2010 motion. (*Ibid*. [no requirement to amend a pleading to add newly acquired claims]; see *Brown v. Brown* (1915) 170 Cal. 1, 6; *Kettelle v. Kettelle* (1930) 110 Cal. App. 310, 312.)

However, we deny Mumma's request that the matter be remanded to the court for the limited purpose of a calculation of the dollar amount by which her spousal support obligation should be reduced. We cannot conclude, as a matter of law, that Mumma's loss of tax deductions as a consequence of the house sale, standing alone, is sufficient to require a downward modification of spousal support. Accordingly, on remand, the court is directed to determine whether Mumma is entitled to a downward modification of

4

spousal support based on all relevant factors.  Our decision should not be read and we express no opinion on how the court should exercise its discretion in deciding the matter.

## DISPOSITION

The November 22, 2011, order is reversed and the matter is remanded to the superior court for further proceedings consistent with this opinion.  Don Rosenfield's cross-appeal is dismissed as moot.  Each party shall bear their own costs on appeal.


_____
Jenkins, J.


We concur:


_____
McGuiness, P. J.


_____
Pollak, J.