Filed 12/19/14  Lucore v. U.S. Bank CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| STEVEN H. LUCORE, SR. et al., | D065486 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2013-00069963-CU-OR-CTL) |
| U.S. BANK, N.A., as Trustee, etc. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Gersten Law Group and Ehud Gersten for Plaintiffs and Appellants.

Severson & Werson, Jan T. Chilton, Bernard J. Kornberg and Kerry W. Franich for Defendants and Respondents.

Plaintiffs and appellants Steven H. Lucore, Sr. and Judy L. Lucore sued defendants and respondents U.S. Bank, N.A. (U.S. Bank), Recontrust Company, N.A. (Recontrust), and Mortgage Electronic Registration Systems, Inc. (MERS) for wrongful foreclosure and other causes of action.  The trial court sustained without leave to amend

defendants' demurrer, ruling the Lucores' claims were barred by res judicata and collateral estoppel. The Lucores challenge the court's ruling, contending the claims in the present action are based on newly discovered facts, and the claims were not previously adjudicated by any court. We reject these contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[1]

*The Loan and the Lucores' Default*

In 2006, the Lucores obtained a loan on property in Santee, California (the property). They executed a promissory note secured by a deed of trust identifying American Home Mortgage as the lender, Fidelity National Title Company as the trustee, and MERS as nominee for the lender and the lender's successors and assigns. American Home Mortgage immediately sold the note to another entity or entities. Those entities and defendants attempted to securitize the mortgage into a real estate mortgage investment conduit (REMIC) trust. By a September 2006 pooling and servicing agreement (PSA), the Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-H Trust (the trust) was formed under the laws of the state of New York. The closing date of the trust was September 29, 2006.

On September 1, 2010, Recontrust recorded a notice of default on the property. On September 8, 2010, a MERS representative purported to assign the note and deed of

---

[1]     "In considering whether a demurrer should have been sustained, 'we accept as true the well-pleaded facts in the operative complaint.' " (*Beacon Residential Community Assn. v. Skidmore, Owings & Merrill LLP* (2014) 59 Cal.4th 568, 571.) We also consider matters that have been judicially noticed. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.)

trust to U.S. Bank and simultaneously appoint Recontrust as the trustee. That assignment/substitution of trustee, recorded on September 14, 2010, was executed by Flor Valerio on MERS's behalf, but because Valerio was not legally appointed to the MERS board of directors, she could not bind MERS.

*The Lucores' November 2010 Action*

In November 2010, the Lucores, in propria persona, filed a verified complaint in the San Diego Superior Court against U.S. Bank, Recontrust, BAC Home Loans Servicing, LP, Valerio, and Gabriela Ibarra.[2] They purported to allege causes of action for declaratory and injunctive relief to cancel the foreclosure, "trespass on contract," deceptive business practices, wrongful conversion, slander of title, violation of Civil Code section 2923.5, "filing false documents," and intentional misrepresentation. In support of their first cause of action, the Lucores alleged that the notice of default was void at its inception because the assignment/substitution of trustee was recorded after the notice of default's filing. In support of their cause of action for "deceptive business practices," the Lucores alleged that the foreclosure process had been conducted "utilizing a string of fraudulent documents." The Lucores sought damages and to declare the foreclosure void as well as restore their title to the property.

---

[2]     In sustaining defendants' demurrer without leave to amend in the present action, the trial court granted judicial notice of exhibits A through G, which were the Lucores' November 2010 verified complaint for declaratory and injunctive relief, the court's order sustaining the demurrer on that complaint without leave to amend, the Lucores' verified adversary proceeding complaint filed in bankruptcy court, the bankruptcy court's order granting defendants' motion to dismiss that complaint, defendants' February 2013 complaint for unlawful detainer, the Lucores' answer to the unlawful detainer complaint, and the court's order granting summary judgment on the unlawful detainer complaint.

3

Defendants demurred, and the trial court sustained the demurrer without leave to amend and entered judgment in defendants' favor. In part, the court ruled the Lucores' complaint failed because it was entirely predicated on the erroneous allegation that MERS did not have the authority to record the assignment/substitution. It rejected the Lucores' claim that the notice of default was void, ruling that MERS had the authority under California law to substitute trustees and assign interests in loans, and that the Lucores had signed the trust deed, which stated that MERS was its beneficiary and had authority to substitute the trustee and assign all interests in the Lucores' loan. It ruled the recorded documents were valid and their recording was privileged.

In May 2011, Recontrust and U.S. Bank recorded a notice of trustee's sale with the county recorder's office. U.S. Bank sought to evict the Lucores from the property, and in August 2011 the Lucores filed for bankruptcy protection, which triggered an automatic stay. On September 2, 2011, Recontrust and U.S. Bank recorded a trustee's deed upon sale purporting to convey title to U.S. Bank.

*The Bankruptcy Adversary Proceeding*

In June 2012, the Lucores filed an adversary proceeding against defendants in the Southern District of California Bankruptcy Court, purporting to assert claims for mortgage fraud, breach of contract, "fraudulent documentation recordation" and other violations of law. In part, they alleged that notary public Ahmed Afzal "was involved in the forging of the signatures and his stamp was used, by others, in order to notarize many documents" and that "Afzal admits in his testimony . . . that he notarized and acknowledged the subject documents without any presence of the persons he was

4

notarizing before him while he was notarizing each document." (Some capitalization omitted.) The Lucores sought to declare the foreclosure void and cancel the trustee's sale. In the meantime, U.S. Bank obtained relief from the bankruptcy stay. In February 2013, the bankruptcy court dismissed the Lucores' adversary complaint without leave to amend.

*The Unlawful Detainer Proceeding*

In February 2013, U.S. Bank filed a verified complaint for unlawful detainer against the Lucores. In October 2013, the trial court in that action entered summary judgment in U.S. Bank's favor. On the Lucores' ensuing motion however, the court granted reconsideration of its ruling, and found a disputed issue of fact existed as to U.S. Bank's standing to sue for possession, and that no evidence was presented indicating that a valid substitution of trustee had occurred. It vacated its previous ruling and denied U.S. Bank's motion for summary judgment.[3]

*The Present Action*

The Lucores filed the present action in October 2013. They sought to set out causes of action for violation of Civil Code section 2924.17, wrongful foreclosure, quiet title, declaratory relief, unfair business practices and cancellation of instruments. In part, the Lucores alleged defendants sought to securitize their mortgage into a trust, but did not adhere to the requirements of the trust agreement necessary to properly assign the

---

[3] Though the trial court on defendants' demurrer did not take judicial notice of the Lucores' proffered documents, we will judicially notice on our own motion the trial court's reconsideration ruling, which is included in the appellate record. (Evid. Code, §§ 452, subd. (d) [allowing judicial notice of court records], 459, subd. (a); *Chodos v. Cole* (2012) 210 Cal.App.4th 692, 699, fn. 4.)

5

mortgage obligation to the trust, and as a result, their note and trust deed were not properly assigned to the trust and did not become part of the trust property. The Lucores alleged that as a consequence, U.S. Bank could not legally enforce the obligation by foreclosure. Additionally, the Lucores alleged that the September 14, 2010 assignment/substitution of trustee contains a forged signature of Afzal, who in September 2011 allegedly confessed he often failed to comply with personal appearance requirements for documents he notarized for Recontrust. The Lucores sought a declaration that the foreclosure initiated against their property was void; to cancel the notice of default, assignment/substitution of trustee, and trustee's deed upon sale; to quiet title to the property free of the lien of the trust deed; and an order barring defendants from taking any steps to transfer any interest in the property or proceed with eviction.

Defendants demurred to the entire complaint and each cause of action. They argued the November 2010 action and the Lucores' bankruptcy adversary proceeding involved the same facts and theories, and the final judgments obtained in those actions were entitled to preclusive effect under the doctrines of res judicata and collateral estoppel, requiring dismissal of the complaint. As to each cause of action, defendants argued the Lucores failed to state a claim.

The Lucores opposed the motion. They argued their complaint raised issues not previously determined, including the fraudulent assignment of the deed of trust, notary fraud, forgery of the assignment documents, and noncompliance with the PSA that made the assignment void *ab initio*. Specifically, they argued the present action involves different primary rights, and they only discovered the facts giving rise to the action after

6

the court dismissed their November 2010 action. They also argued the prior judgments in the adversary proceeding and unlawful detainer action were not rendered on the merits. Finally, they argued they alleged sufficient facts to state claims for violation of Civil Code section 2924.17 and wrongful foreclosure, which gave them a valid basis for claims for quiet title, declaratory relief, and cancellation of void instruments. The Lucores asked for leave to amend to plead the trust terms that were violated or to attach a copy of the PSA as an exhibit.

The trial court sustained defendants' demurrer without leave to amend, ruling res judicata and collateral estoppel barred the Lucores from relitigating the claims in their complaint. The Lucores appeal from the ensuing judgment.

DISCUSSION

I. *Standard of Review*

Our review standard on this demurrer is settled. We review the allegations of the operative complaint de novo to determine if it alleges facts sufficient to state a claim for relief under any legal theory. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors*, *supra*, 48 Cal.4th at p. 42; *Apple Inc. v. Superior Court* (2013) 56 Cal.4th 128, 156.) " 'In doing so, we treat the demurrer as admitting all material facts properly pleaded. " 'Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " ' " (*Apple Inc. v. Superior Court*, at p. 156.) "We may also consider matters that have been judicially noticed." (*Committee for Green Foothills*, at p. 42.)

7

"A demurrer may be sustained where judicially noticeable facts render the pleading defective [citation], and allegations in the pleading may be disregarded if they are contrary to facts judicially noticed." (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052; see also *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264-265 (*Fontenot*) [in sustaining demurrer, court properly took judicial notice of recorded documents that clarified and to some extent contradicted plaintiff's allegations].) "In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. [Citation.] We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained." (*Intengan*, at p. 1052.)

"If we conclude the complaint fails on any grounds stated in the demurrer, we must then consider whether there is a ' "reasonable possibility" ' the complaint's defect(s) can be cured by an amendment. [Citation.] If it is apparent the complaint's defects can be cured, the trial court has abused its discretion and we will reverse the judgment. [Citation.] Alternatively, if it is apparent the complaint's defects cannot be cured, no abuse of discretion has occurred and we will affirm the judgment. [Citation.] The burden of proving the reasonable possibility of such a curative amendment falls ' " 'squarely on the plaintiff[s].' " ' " (*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 506-507.)

## II. *Res Judicata Bars the Present Action*

The Lucores contend the present action is not barred by res judicata or collateral estoppel. Specifically, they argue the prior judgments do not bar the present action because it is based on facts they did not know when they filed the first superior court action, the bankruptcy court judge stated he was not ruling on the merits of their claims, and U.S. Bank dismissed its unlawful detainer action without prejudice before any judgment was rendered.

### A. *Legal Principles*

The California Supreme Court explains: " 'Res judicata' describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.' [Citation.] Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit; a judgment for the defendant serves as a bar to further litigation of the same cause of action." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896-897, fn. omitted.)

Res judicata or claim preclusion operates to bar the maintenance of a later action if (1) the claim decided in the former action is identical to the claim presented in this action; (2) there was a final judgment on the merits; and (3) the Lucores were parties (or a privy to a party) to the prior adjudication. (*Staniforth v. Judges' Retirement System* (2014) 226

9

Cal.App.4th 978, 988, citing *Lyons v. Security Pacific Nat. Bank* (1995) 40 Cal.App.4th 1001, 1015.)

" 'Two proceedings are on the same cause of action if they are based on the same "primary right." [Citation.] The plaintiff's primary right is the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based. [Citation.] The scope of the primary right therefore depends on how the injury is defined. A cause of action comprises the plaintiff's primary right, the defendant's corresponding primary duty, and the defendant's wrongful act in breach of that duty. [Citation.] [¶] An injury is defined in part by reference to the set of facts, or transaction, from which the injury arose.' " (*Silverado Modjeska Recreation & Parks District v. County of Orange* (2011) 197 Cal.App.4th 282, 297-298.) "Thus, a single cause of action is based on the harm suffered, rather than on the particular legal theory asserted or relief sought by the plaintiff." (*Balasubramanian v. San Diego Community College Dist.* (2000) 80 Cal.App.4th 977, 991, italics omitted; see also *Boblitt v. Boblitt* (2010) 190 Cal.App.4th 603, 610; *Friedman Prof. Management Co., Inc. v. Norcal Mutual Ins. Co.* (2004) 120 Cal.App.4th 17, 28 ["core concept" of the primary rights doctrine is the harm suffered].)

Similarly, a cause of action is independent of the remedy and relief sought; seeking more than one type of relief in connection with a single injury does not create more than one cause of action. (*Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.* (1993) 5 Cal.4th 854, 860; *Crowley v. Katleman* (1994) 8 Cal.4th 666, 682.) Further, the parties are not required to have actually litigated an issue in the prior lawsuit for it to be precluded, as res judicata also bars issues that *could have been* litigated, as

10

long as the later-raised issues constitute the same cause of action involved in the prior proceeding. (*Federation of Hillside and Canyon Associations v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1202; *Weikel v. TCW Realty Fund II Holding Co.* (1997) 55 Cal.App.4th 1234, 1245.)

B. *The Lucores Cannot Show the Present Action Is Based on Newly Discovered Facts or Rights*

With regard to the superior court lawsuit filed in 2010 and dismissed following defendants' successful demurrer, the Lucores do not challenge the second and third requirements of res judicata. That is, they do not dispute that the parties were the same in that action as the present action, and they correctly acknowledge that the ensuing judgment was a final judgment on the merits. (See *Goddard v. Security Title Insurance & Guarantee Co.* (1939) 14 Cal.2d 47, 52 [judgment will support the application of res judicata where it follows the sustaining of a demurrer "on a ground of substance" or "where the demurrer sets up the failure of the facts alleged to establish a cause of action, and the same facts are pleaded in the second action"; see also *Keidatz v. Albany* (1952) 39 Cal.2d 826, 828 [judgment is "on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will, accordingly, be a bar to a subsequent action alleging the same facts"].) The Lucores do not address whether the claims in the present action are based on the same primary rights as the November 2010 action.

Rather, the Lucores maintain that the causes of action set forth in the present action contain claims that arose *after* the filing of their November 2010 action; that they neither knew nor should have known of the facts on which their present claims are based,

11

and thus the prior causes of action are not a basis for res judicata. In part, they rely on *Allied Fire Protection v. Diede Construction, Inc.* (2005) 127 Cal.App.4th 150 (*Allied Fire Protection*), in which the court said, "[W]here it cannot be said that plaintiff knew or should have known of the claim when the first action was filed, res judicata should not bar the second action." (*Id.* at p. 156.[4]) According to the Lucores, they "did not learn until later that the notary's signature on [the substitution of trustee and assignment of the deed of trust] was forged, and that the assignment to U.S. Bank was void because it was done nearly four years after the REMIC Trust's closing date." They argue res judicata does not bar the present action because they neither knew nor should have known of "these distinct wrongs" when they filed the first superior court action.

We have no quarrel with the proposition that new facts or rights that arise after the filing of an initial pleading may not serve as a basis for res judicata. "As a cause of action is framed by the facts in existence when the underlying complaint is filed, res

---

[4]    In *Allied Fire Protection*, the Court of Appeal held that the plaintiffs' state court action for fraud was not barred by res judicata because the plaintiffs could not have discovered the facts supporting their fraud claim during pendency of a prior federal court action due to the defendant's failure to disclose certain information. (*Allied Fire Protection*, *supra*, 127 Cal.App.4th at pp. 152-153, 158.) Applying the federal "transactional" analysis to the determination of whether res judicata applied rather than the "primary right" analysis applied under California law (*id.* at pp. 153-154), the court reasoned: "Here, the damage from the alleged misrepresentation occurred before the first suit was filed; the fraud claim existed before the federal action was filed, but it was not discovered. While this fact could militate in favor of requiring an amendment to the original action, we think the better result—at least where the plaintiff contends the fact was unknown due to defendant's fraud—is to require the entire claim to be included in the first action only where with diligence it could be discovered prior to filing the initial suit. This rule puts the focus properly on whether plaintiff was diligent in pursuing its claims, not on whether the discovery was made in time to permit an amendment to the complaint." (*Id.* at p. 158.)

judicata 'is not a bar to claims that arise after the initial complaint is filed.' [Citations.] For this reason, the doctrine may not apply when 'there are changed conditions and new facts which were not in existence at the time the action was filed upon which the prior judgment is based. [Citations.]' [Citation.] This exception to the doctrine encompasses claims based on rights that arise after the filing of the complaint in the first action, but before judgment is entered. [Citation.] . . . '. . . The general rule that a judgment is conclusive as to matters that could have been litigated "does not apply to new rights acquired pending the action which might have been, but which were not, required to be[,] litigated." ' " (*Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 227-228; see also *Allied Fire Protection*, *supra*, 127 Cal.App.4th at p. 155; *Kettelle v. Kettelle* (1930) 110 Cal.App. 310, 312 [question of whether alleged acts and omissions of plaintiff mother rendered a change of custody in the best interests of the child was not barred by rule of conclusiveness of prior decree because the alleged acts and omissions occurred after entry of the decree].)

The allegations of the November 2010 complaint, however, belie the Lucores' claim that they did not, or could not with reasonable diligence, discover notary Afzal's forgery or the untimely assignment before filing that action. In the background allegations of that pleading, the Lucores alleged in part that defendants had conspired to foreclose on their property when they had no lawful right to foreclose; U.S. Bank was not a beneficiary of their note, Recontrust was not the trustee, and MERS did not have standing to assign the note because it was not a true beneficiary; and because MERS has no employees, the September 2010 assignment of the trust deed by Flor Valerio was "a

13

fraud and a forgery . . . ." They alleged that their loan was likely securitized[5] at its inception and placed into a trust, which was actually a mortgage backed security (MBS) that was not permitted to own mortgage loan assets, allowing the MBS to qualify as a REMIC trust. The complaint's allegations acknowledged the timing of an assignment when it alleged that the REMIC trustees/custodians "MUST have the mortgages recorded in the investors' names as the beneficiaries of the MBS in the year the MBS 'closed' " and "[t]he mortgages in this trust would all have had to have been publicly recorded in the year 2006." The Lucores expressly alleged that a particular section of the Internal Revenue Code "specifically prohibits the transfer of an asset to the trust past the closing date of the trust" and concluded, "The trust cannot legally hold Plaintiffs' Note and Deed of Trust."

With regard to the fraudulent or forged nature of the assignment/substitution of trustee, the Lucores additionally alleged that "[i]n nearly all cases there were no documents of transfer as required by the securitization documents and as required by the IR[S] for REMICs[,] [s]o the assignment, endorsement[,] etc[.,] are all fabricated, forged, or backdated, notarized by a notary who neither knows nor ever saw the signor." They allege that in any event the assignment was ineffective because MERS had no standing to assign; they alleged that "in nearly all cases, the encumbrance (mortgage or deed of trust)

---

5       "In simplified terms, 'securitization' is the process where (1) many loans are bundled together and transferred to a passive entity, such as a trust, and (2) the trust holds the loans and issues investment securities that are repaid from the mortgage payments made on the loans." (*Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1082, fn. 1.)

is void ab initio because it secures an obligation that was not owed to the mortgagee or beneficiary" and "[n]o securitization participant in the chain has the power to satisfy a mortgage, foreclose on a mortgage, or to submit a credit bid at the time of foreclosure auction because they are not creditors and there is no money owed them."

The aforementioned allegations demonstrate that in November 2010, the Lucores were on notice that the September 2010 assignment was assertedly fatally untimely, and that the assignment was falsely notarized or forged. Even assuming the Lucores did not specifically know in November 2010 that Afzal's own signature was forged (as opposed to his fraud in notarizing documents without the signor present, which is expressly alleged in the November 2010 complaint), that fact merely supports a different *theory* as to the asserted invalidity of the foreclosure proceedings. Thus, the newly-discovered-facts exception discussed in *Allied Fire Protection*, *supra*, 127 Cal.4th 150 and other cases does not assist the Lucores in this case. They have not sufficiently alleged (or demonstrated they could allege) they acted with diligence to discover this information, in view of the fact that the November 2010 complaint acknowledges they suspected the assignment/substitution of trustee was fraudulent or forged, and untimely in any event. The Lucores do not explain or allege what they did once they were on notice of these circumstances, and we conclude they have not pleaded facts showing any inability to have made earlier discovery despite reasonable diligence. (Cf. *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397-398 ["the plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof—when, simply put, he at least 'suspects . . . that someone has

15

done something wrong' to him"; "he need not know the 'specific "facts" necessary to establish' the cause of action"].)

C. *The November 2010 Superior Court Action and the Present Action Assert the Same Primary Rights*

In arguing that the November 2010 complaint does not bar the present action under principles of res judicata, the Lucores point out that the trial court's order dismissing the prior action "specifically stated that the Lucores' complaint failed because it was entirely predicated on the erroneous allegation that MERS lacked authority to record the substitution of trustee and assignment of deed of trust." This conclusion was not the sole basis for the trial court's ruling, but even if it were, the trial court's reasoning in dismissing the prior action does not determine whether that action and the present action set out the same harm or injury, and primary rights, for purposes of res judicata.

We conclude the claims asserted in the Lucores' November 2010 superior court action and the claims asserted in the present action do indeed set out common rights: the right to title to their property due to an invalid or defective assignment of the rights under their loan and flaws in the securitization process, raising the same question of whether defendants have standing to initiate or pursue foreclosure. They also assert a common harm: the assertedly unauthorized foreclosure and loss of their ownership interest, for which they sought to set aside the foreclosure sale and reinstate their title. The fact the complaints set out different legal theories, whether they be common law or statutory, to remedy those harms is of no moment in the primary rights analysis. (See *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 798 ["[t]he cause of action is the right to

16

obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced"; "one injury gives rise to only one claim for relief"]; *Balasubramanian v. San Diego Community College Dist.*, *supra*, 80 Cal.App.4th at p. 991.)  Under res judicata, " '[i]f the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged.  The reason for this is manifest.  A party cannot by negligence or design withhold issues and litigate them in consecutive actions.  Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable.' "  (*Aerojet-General Corp. v. American. Excess Ins. Co.* (2002) 96 Cal.App.4th 665, 402, quoting *Sutphin v. Speik* (1940) 15 Cal.2d 195, 202.)  Given our conclusion as to the bar of the November 2010 action, we need not address whether the Lucores' prior bankruptcy adversary proceeding compels the same result.

The Lucores do not suggest that there is a reasonable possibility that by further amendment they could cure the defects in their pleading; indeed, there is no indication that they even wish to undertake such amendment.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; see also *Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 861 [burden is on plaintiff to show how amendment would change legal effect of the pleading]; *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44 [neither trial court nor appellate court will rewrite a complaint for the plaintiff].)  Because their pleading fails as a matter of law to state a legally

17

sufficient cause of action under principles of res judicata and no amendment is proposed, we uphold the trial court's order sustaining the demurrer without leave to amend.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

HALLER, Acting P. J.

McINTYRE, J.